E. J. ECKART and another vs. PAUL ROEHM, Administrator.

May 13, 1890.

Purchase by Agent, when not Binding on Principal.—The rule of law that a principal is not bound by the acts of an agent which were not authorized, and which the other party was not justified in believing to have been authorized, applied in the case of the purchase of goods on the credit of the principal.

Same—Ratification.—The fact that the agent so purchasing the goods applied them to the payment of debts of the principal to other persons, without his consent or knowledge, the agent having been provided with funds for the payment of such debts, does not make the principal liable.

Plaintiffs brought this action in a justice's court for Clay county, and recovered a judgment of $139.39. An appeal, on questions of

fact and law, to the district court for Clay county was tried by *Mills,* J., (a jury being waived,) who ordered judgment for defendant, which was entered, and the plaintiffs appealed.

*Taylor & Greene,* for appellants.

*W. B. Douglas,* for respondent.

DICKINSON, J. The defendant, as administrator of the estate of a deceased person, was in possession of, and carrying on, a farm in this state. He, residing in another state, employed an agent to take charge of the farm. The agent was authorized to employ, pay, and discharge farm laborers. He was not authorized to purchase goods on credit except from certain merchants, not including the plaintiffs, with whom the defendant had personally made arrangements for the sale of such goods as the agent should desire to purchase for farm use. The agent purchased clothing of the plaintiffs for the men employed on the farm, on credit of the defendant. The agent, on settlement with the laborers, deducted the price of the goods from their wages. The defendant had no knowledge of the transaction until afterwards, when the agent was found to be indebted to him in the sum of $600 on account of money received as foreman. It may be added that the plaintiffs knew that the agent was purchasing goods from the other merchants above referred to, but they did not learn this from the defendant; nor did they make inquiry, nor, so far as appears, did they learn under what agreement such purchases were made, or that they were made on credit.

The case was correctly decided. The agent had not, in fact, any authority to purchase these goods from the plaintiffs on the defendant's credit, and there could be no recovery upon the ground of actual authority. Nor does it appear that the defendant's conduct, or the authority actually given to and exercised by the agent, justified the plaintiffs in assuming, without inquiry, that the agent had a general authority to purchase such goods, and on credit. The plaintiffs did not even know, so far as appears, that the agent had before purchased any goods on credit, or that he had authority to do so.

There was no such voluntary acceptance by the defendant of the benefit of these sales as to preclude his defence that the same were unauthorized. From the fact that the agent paid the farm laborers

in goods thus purchased without authority on the credit of the defendant, instead of with the money in the agent's hands provided for such purposes, it can hardly be said that the defendant has received the benefits of the transaction. He knew nothing of it, and cannot be deemed to have ratified a transaction which he knew nothing about until after its completion, and concerning the results of which he then had no control.

Judgment affirmed.