## A. V. CAUGER v. GRAY MOTOR COMPANY.[1]

January 13, 1928.

No. 26,410.

**Principal was not bound by his agent's agreement to purchase an automobile.**

> An agent, employed as manager of an advertising business to sell advertising and direct and supervise salesmen for that purpose and provided with an office for transacting such business, *held* not to have implied or apparent authority to purchase an automobile for the use of one of the salesmen so as to obligate his principal therefor.

Agency, 2 C. J. p. 574 n. 40; p. 575 n. 51; p. 576 n. 63; p. 587 n. 30.

See note in 41 L.R.A.(N.S.) 1019; 21 R. C. L. 854; 4 R. C. L. Supp. 1436; 6 R. C. L. Supp. 1290.

Action in the municipal court of Minneapolis to recover the value of advertising furnished to defendant. After a verdict for defendant, plaintiff moved for judgment notwithstanding the verdict or a new trial. From an order, White, J. granting the motion for judgment, defendant appealed. Affirmed.

*Jamison, Stinchfield & Mackall,* for appellant.

*Edward J. Lee,* for respondent.

OLSEN, C.

On plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial, the court granted the motion for judgment and defendant appeals.

Plaintiff, a nonresident, was engaged in the advertising business in the twin cities of St. Paul and Minneapolis in this state and in cities in other states. He maintained an office in the twin cities and employed a manager and two or three salesmen in his business here. The manager was employed under a written agreement which

[1]Reported in 217 N. W. 347.

prohibited him from closing contracts and limited him to negotiating contracts subject to the approval of plaintiff as general manager. He was also prohibited from accepting goods or chattels in payment of advertising. The salesmen worked under the direction and management of the local manager.

The local manager and one of the salesmen negotiated with the defendant for the purchase of an automobile for the use of the salesman, to be paid for in part by advertising. Two written contracts were made out, one for the sale of the car to plaintiff for $1,551.60, under his tradename of Twin City Film Ad. Service, wherein $810 of the purchase price of the car was credited as paid by advertising contract; the other was a straight contract for advertising, wherein defendant agreed to pay the sum of $810 for the advertising specified therein. The contract for the automobile was signed by defendant and by plaintiff's local manager. It was not submitted to plaintiff for approval, and he knew nothing about it until this suit was brought. The car was delivered to plaintiff's salesman by direction of the local manager. It was used by the salesman for two or three weeks, when he quit his employment and left the car in a garage and notified the local manager thereof. It has never come into the actual possession of the plaintiff, and its subsequent history is not disclosed. The contract for advertising was signed by defendant and by the plaintiff's salesman. It was subject to the approval and acceptance of the general manager, and was by the local manager sent to plaintiff for approval and was approved by him as general manager, and a duplicate copy, with approval indorsed, was mailed to and received by defendant. The advertising contract contained no reference to the automobile sale or contract or to any application of the price of advertising to the payment for any automobile. The advertising was furnished as per contract, and plaintiff brought this action to recover the agreed price. The defense presented was that the advertising had been paid for by the sale and delivery of the automobile. Defendant had a verdict, but on plaintiff's motion for judgment in his favor or a new trial the court granted the motion for judgment.

The defendant claims there was evidence to go to the jury on the question of the authority, implied or apparent, of the local manager to make the contract for the purchase of the automobile, and that, as the jury has by its verdict found that there was such authority, it was error for the court to set aside the verdict and order judgment.

There is no claim here that the agent, the local manager, had express authority to purchase an automobile. The agency contract clearly prohibited such purchase unless approved by the principal.

Implied authority is actual authority and is such authority as the principal intended the agent to have and includes such things as are directly connected with and essential to the business intrusted to the agent. Koivisto v. Bankers & Mer. Fire Ins. Co. 148 Minn. 255, 181 N. W. 580. It includes only such powers as are practically indispensable and essential in order to carry out the duties actually delegated to the agent. First Nat. Bank v. Schirmer, 134 Minn. 387, 159 N. W. 800; U. S. Bedding Co. v. Andre, 105 Ark. 111, 150 S. W. 413, 41 L.R.A. (N.S.) 1019, Ann. Cas. 1914D, 800; Bickford v. Menier, 107 N. Y. 490, 14 N. E. 438.

A principal is presumed to have conferred all authority reasonably necessary to make effective the express authority granted. Burchard v. Hull, 71 Minn. 430, 74 N. W. 163.

Implied authority is not to be extended beyond its legitimate scope. The intention of the parties is the test. In re Grundysen, 53 Minn. 346, 55 N. W. 557; Doeren v. Krammer, 141 Minn. 466, 170 N. W. 609.

Apparent authority is such authority as the principal knowingly or negligently permits the agent to exercise, or which he holds the agent out as possessing. 1 Dunnell, Minn. Dig. (2 ed.) § 156; Columbia Mill Co. v. Nat. Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Dispatch Printing Co. v. Nat. Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N.S.) 74.

The doctrine of apparent authority can be invoked only by those who had knowledge that the agent had been permitted to exercise such authority and who act in reliance thereon. Eckart v. Roehm,

43 Minn. 271, 45 N. W. 443; Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078; Eberlein v. Stockyards Mtg. & Tr. Co. 164 Minn. 323, 204 N. W. 961.

The agent here, the local manager, was employed to sell advertising and supervise salesmen, and to manage an office for that purpose. The limitations on his authority prohibited him from any such transaction as buying an automobile. There was clearly no intention on the part of the principal to grant such authority. The agent had not exercised any such authority, and the defendant could not rely upon any act of the principal or agent tending to show any permitted exercise of such authority. The business intrusted to the agent was not of such a nature nor so conducted that any implied authority to purchase automobiles for use of the salesmen could be inferred therefrom. If the plaintiff had intended to furnish automobiles for his salesmen, the reasonable inference is that he would have so provided in the contracts of employment, either with the manager or the salesmen. Neither is there any evidence tending to show apparent authority. Plaintiff had done nothing tending to indicate any such authority in the agent. The trial court properly ordered judgment for plaintiff.

Order affirmed.