OTIS RASK, ALSO KNOWN AS OTIS H. RASK, v. AMERICAN FEDERATION OF LABOR AND OTHERS.
PERRY AMIDON, RESPONDENT.

116 N. W. (2d) 175.

July 6, 1962—No. 38,521.

*Clifford F. Hansen,* for appellant.
*Sigal, Savelkoul & Cohen,* for respondent.

NELSON, JUSTICE.

This appeal is from an order vacating service of summons on Perry Amidon in an action brought by Otis Rask and also from an order denying amended findings or a new trial.

There is very little dispute as to the facts. Defendant, prior to October 1, 1952, maintained his residence and domicile in Minneapolis. On that date he moved to Manlius, New York, where he now resides. That he is a resident of the State of New York is shown by his personal presence in that state; by his being a registered voter there; by the fact that his car bears a New York license plate; and by his household goods and furniture being located in that state. Defendant sold his home located at 6205 Lyndale Avenue South, Minneapolis, and does not now own any property in the State of Minnesota nor does he conduct any business within the state.

Defendant introduced a photostatic copy of a certificate issued to defendant by the Board of Elections, County of Onandaga, State of New York, dated July 28, 1958, which is still in effect and shows that he is a permanently registered voter in the State of New York.

Defendant, on about September 6, 1960, came to Minneapolis to visit his daughter and son-in-law, Mr. and Mrs. Eugene E. Beauchaine. He temporarily stayed at their home in Minneapolis until he returned to his home in New York on December 14, 1960.

Defendant's affidavit, a part of the record, contains the statement that on December 2, 1960, his daughter advised him that during his absence from her home the summons and complaint involved had been handed to her. It further states that said summons and complaint was not handed to defendant personally and that he was not present at her home when a copy thereof was left with his daughter.

The affidavit of Mrs. Beauchaine, made a part of the record, contains her statement that on December 2, 1960, a copy of the summons and complaint was handed to her at her home during the absence of defendant from the premises. She further states that her father's permanent residence at the time, prior thereto, and subsequent thereto, has been at Salt Springs Road, Manlius, New York, and not in the city of Minneapolis nor at the home which she and her husband occupy.

The sheriff's return certifies that the deputy sheriff, William S. Broms, served the summons and complaint on December 1, 1960, by then and there handing to and leaving a copy thereof at defendant's usual abode with his daughter, a person of suitable age and discretion

then residing therein. The deputy sheriff was called on behalf of plaintiff and his testimony on direct examination was as follows:

"Q. Will you tell the Court in your own words what you did in connection with that service? * * *

"A. Well, I was directed on a Thursday afternoon to 5606 Blaisdell, and Mrs. Eugene Beauchaine answered the door. She wanted to know what I wanted Perry Amidon for. I told her the nature of it. She said, 'Does it have to be personal service?' And I says, no, it doesn't if he lives there and that is his usual place of abode. And she says it was. And I left the copy with her.

"Q. Did she say anything about her father, where he was?

"A. He wasn't feeling well.

"Q. She told you that he wasn't feeling well?

"A. That is right.

&ast; &ast; &ast; &ast; &ast;

"Q. Will you read to the Court the memorandum that you made?

"A. 'Perry Amidon, copy service with daughter. Daughter says father resides with her, Mrs. Eugene A. Beauchaine, December 1, 1960.' That was Thursday afternoon.

&ast; &ast; &ast; &ast; &ast;

"Q. And you made your return of service accordingly?

"A. Yes, sir, I made my return accordingly. She wanted to know if it had to be personal service and I says it would if he didn't reside there, and she said, Yes, he resides there; and I left the copy with her."

The following testimony was elicited on cross-examination:

"Q. You never met the defendant, Perry Amidon, did you?

"A. No, sir.

"Q. And all that you know about it is not from any personal knowledge but from the conversation that you had with Mrs. Beauchaine?

"A. Yes."

The trial court granted defendant's motion to vacate the service of summons made on the ground that the attempted substituted service

was ineffective. Reference was made to Rule 4.03(a), Rules of Civil Procedure, providing that service of a summons may be made upon an individual "by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."[1] The trial judge went to the very root of the point involved in his memorandum attached to and made a part of his order:

"There is no decision in Minnesota directly in point on the question of whether the home of the defendant's daughter, under the circumstances existing, was defendant's usual place of abode within the meaning of the Rule.

"Although the authorities are in hopeless confusion as to the meaning of the phrase 'usual place of abode,' the weight of authority is that the place where one is temporarily residing is not his *usual* place of abode. Cf. First Nat. Bank & Trust Co. of Tulsa v. Ingerton, 207 F. 2d 793 (10th Cir., 1953); John Hancock Mut. Life Ins. Co. v. Gooley, 196 Wash. 357, 83 P. 2d 221, 118 A. L. R. 1484 (1938). Cf. also Honeycutt v. Nyquist, Peterson & Co., 12 Wyo. 183, 74 Pac. 90, 91 (1903); Blythe v. Hinckley, 84 Fed. 228, 239, 241-242 (N. D. Calif. 1897), aff'd. 111 Fed. 827 (9th Cir., 1901), cert. denied, 184 U. S. 701, 22 S. Ct. 941, 46 L. Ed. 766 (1902), and that a temporary residence away from one's usual residence does not prevent retention of one's usual place of abode. Berryhill v. Sepp, 106 Minn. 458, 460, 119 N. W. 404 (1909); Holtberg v. Bommersbach, 236 Minn. 335, 338, 52 N. W. 2d 766 (1952).

"Under these authorities, the facts of the instant case compel this Court to conclude that the home of defendant's daughter was not defendant's usual place of abode, that his usual place of abode was in New York, and that defendant's temporary visit and residence in the home of his daughter did not prevent New York from being his usual place of abode. Accordingly, the attempted substituted service was ineffective to confer personal jurisdiction over said defendant and must be quashed and set aside."

---

[1] See 1 Youngquist & Blacik, Minnesota Rules Practice, p. 42, for comparison with prior law.

Thereafter the trial court denied a motion by plaintiff for an order vacating and setting aside the earlier order of that court and for other relief as more fully set forth in plaintiff's notice of motion. Plaintiff appealed from both orders of the district court.

After careful consideration of the record and briefs submitted, we reach the conclusion, as did the court below, that the facts of the instant case require a determination that the home of defendant's daughter was not defendant's usual place of abode, that his usual place of abode was in the State of New York, and that the attempted substituted service was ineffective to confer jurisdiction over defendant.

Affirmed.

