# FINGERHUT MANUFACTURING COMPANY v. MACK TRUCKS, INC.

125 N. W. (2d) 734.

January 10, 1964—No. 38,880.

*Sullivan & Schiefelbein* and *Harry H. Peterson,* for appellant.
*Dorsey, Owen, Marquart, Windhorst & West, Arthur E. Weisberg,* and *D. W. Cohen,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a judgment dismissing plaintiff's action for damages alleged to have resulted from a loss of its truck by theft while in defendant's possession under a bailment.

The question presented is the sufficiency of the evidence to sustain the court's findings that plaintiff's agent had authority to bind it to the particular redelivery arrangement involved and that the loss occurred

after the bailment had terminated by redelivery in accordance with the agent's agreement.

Plaintiff's plant is located in Princeton, Minnesota. In its business it owns and operates a number of diesel Mack trucks to transport raw materials and manufactured products over long distances. Plaintiff employs drivers who operate the trucks under the direction of supervisory personnel stationed at the plant. One of the Mack trucks, recently purchased from defendant and still under a factory warranty, needed attention to correct a "vibration problem." About noon on Friday, July 8, 1960, one of plaintiff's regular drivers, Richard Bergeron, by direction and authority of plaintiff, delivered the truck to defendant and ordered it to be repaired and ready for use not later than early Monday morning. Defendant attempted to correct the vibration problem and, when its garage closed at noon on Saturday, the truck was parked on an adjoining public street, locked, and the keys concealed beneath the front bumper. Sometime between Saturday afternoon and midmorning on Sunday the truck was stolen and cannot be found.

Plaintiff brought this action to recover the value of the truck, stipulated to be $17,000 at the time of loss. The parties also stipulated for trial to the court and that the delivery of the truck to defendant created a bailment.

The court's findings, stated in general terms, were that at the time the truck was delivered to defendant plaintiff's driver agreed to redelivery by having defendant park it on the street near its garage with the keys concealed according to his instructions; that the driver had authority from his principal to make such an agreement; and that since redelivery was made in full compliance with the agreement, the bailment terminated. The court concluded that defendant was not liable for the loss of the truck.

Plaintiff made no motion for more specific or amended findings. It primarily contends on this appeal from the judgment that the evidence does not warrant a finding that its agent had authority to arrange for redelivery of the truck on the street, and therefore defendant's act of parking the truck on the street was not a redelivery and termination of the bailment. Plaintiff also appears to urge that the evidence does not

establish that redelivery was accomplished in strict compliance with any authorized arrangement, but does conclusively establish that defendant and plaintiff's employee (Bergeron) were guilty of concurrent negligence causing the theft and resulting loss.

The evidence is undisputed that the driver, as plaintiff's agent, was expressly authorized to deliver the truck to defendant, to order its repair, and to accept redelivery. It is also undisputed that plaintiff's driver agreed to an arrangement (apparently suggested by defendant's employees) for redelivery by parking the truck on the street, locking the cab, and concealing the keys beneath the bumper if the truck was not picked up before the garage closed.

There was a dispute in the evidence as to when the parties contemplated that the truck was to be parked outside. Plaintiff claimed that it was to be parked outside only if Bergeron did not pick it up before midnight on Saturday, which was the usual closing time on weekdays. On the other hand, defendant claimed that the truck was to be parked outside at noon on Saturday, which was the usual closing time on that day. There was no specific finding on this point. However, the truck was parked on the street at noon on Saturday, and therefore, implicit in the court's finding that defendant "complied in all respects with the bailment and redelivery arrangements" is a finding that the agreement provided for redelivery at the time claimed by defendant. We further note that Bergeron, who was apparently available although no longer in plaintiff's employ, did not testify at the trial and we do not have his version of the agreement. We believe the evidence was clearly sufficient to justify the finding that redelivery was accomplished in conformance with the agreement made.

■ The main issue was whether plaintiff's agent had implied authority to agree to the arrangement for redelivery. On this issue we are also satisfied that ample evidentiary support exists. Near the close of the trial and at the suggestion of the court, it was agreed that plaintiff had never expressly instructed or forbidden either its drivers or defendant to redeliver its trucks by parking them on the street. Whether plaintiff's agent had implied authority to make the particular arrangement he did in fact agree to depends upon plaintiff's manifesta-

tions of consent to him at the time he was expressly authorized to deliver the truck to defendant, to order its repair, and to accept redelivery and return the vehicle. In Derrick v. The Drolson Co. Inc. 244 Minn. 144, 152, 69 N. W. (2d) 124, 130, we said:

"* * * It is well established that implied authority is actual authority circumstantially proved and is dependent upon the intention of the parties. It includes such powers as are directly connected with and essential to the business expressly entrusted to the agent."

The intention of the parties or the manifestations of consent by plaintiff may be found by implication from words or other conduct, including acquiescence, under the circumstances shown.[1] As expressed in the Restatement:[2]

"* * * Manifestation of consent means conduct from which, in light of the circumstances, it is reasonable for another to infer consent. * * * The agent's conduct is authorized if he is reasonable in drawing an inference that the principal intended him so to act although that was not the principal's intent * * *."

Of course, where the agent acts within the scope of his authority, express or implied, his principal is bound thereby.[3]

Thus, where, as here, the authority to *arrange* for redelivery is neither expressly granted nor prohibited, we must resort to the conduct and circumstances shown to determine whether the driver acted reasonably in assuming authority to make the agreement. Among other facts, the testimony shows that plaintiff was a regular customer of defendant over a period of several years; that plaintiff's trucks were customarily delivered by its drivers for servicing or repair on the average of one or two a week; that redelivery was always made to the drivers, who usually waited until the service or repair was completed; and that on several occasions plaintiff's trucks were redelivered by being parked

[1] Schlick v. Berg, 205 Minn. 465, 286 N. W. 356; Fox v. Morse, 255 Minn. 318, 96 N. W. (2d) 637; see, Cauger v. Gray Motor Co. 173 Minn. 370, 217 N. W. 347.

[2] Restatement, Agency (2 ed.) § 7b. See, also, §§ 7c and 44.

[3] Armstrong v. Chicago, M. & St. P. Ry. Co. 53 Minn. 183, 54 N. W. 1059.

on the street with the keys concealed and plaintiff had notice thereof because, on at least one occasion one year prior to the incident in question, such an arrangement was expressly endorsed on an invoice which had been mailed to plaintiff. Accordingly we conclude that the court could properly find that incidental to Bergeron's express authority was authority to agree to the arrangement made for redelivery.

◼ Plaintiff finally points out that a city ordinance of St. Paul[4] prohibited parking a vehicle upon the street for more than 30 minutes between the hours of 2 a. m. and 6 a. m. and contends that the agreement made by the agent being in violation thereof constituted an illegal act. Plaintiff argues that authority to do an illegal act should not be inferred and cites Restatement, Agency (2 ed.) § 34g. This ordinance was neither alluded to nor urged as a part of plaintiff's theory upon trial and therefore may be improperly before us unless dispositive of the entire controversy.[5] We do not believe it is.

Ignoring the question of whether the ordinance is designed for the protection of owners of motor vehicles and therefore pertinent, it is true that the rule announced by the Restatement states, "Authority to do illegal or tortious acts, whether or not criminal, is not readily inferred." However, a fatal defect in plaintiff's argument is the lack of sufficient evidentiary basis for its application. Although it could be said that the redelivery agreement contemplated a violation of the ordinance, there is no evidence permitting a finding that the vehicle was illegally parked upon the street or that the theft occurred while it was so parked. To so find would be pure speculation. The most that can be said for plaintiff's theory is that a possibility of a violation of the ordinance existed. The rule urged does not absolutely forbid implying that the agent had authority even though he does in fact perform an illegal act for his principal, but simply recognizes illegality as a factor to be considered in determining the extent of the agent's implied authority. We are not prepared to apply the rule to a case where

[4]St. Paul Legislative Code, § 144.04(8).

[5]Chicago, M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124; Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44; Holen v. M.A.C. 250 Minn. 130, 84 N. W. (2d) 282. See, also, Hart v. Bell, 222 Minn. 69, 23 N. W. (2d) 375, 24 N. W. (2d) 41.

there is only the possibility that the arrangement made by the agent might involve an act prohibited by a city ordinance of dubious application. Moreover, the evidence also would have supported a finding of plaintiff's acquiescence to the arrangement made, and an inference that plaintiff's agent had prior knowledge of his principal's conduct in risking a possible violation of the ordinance would not have been unreasonable. As indicated by the Restatement, such a manifestation of consent would not render the inference of authority unreasonable.

Affirmed.