MAKOUSKY, INC. v. JULIUS STERN AND ANOTHER.

172 N. W. (2d) 317.

November 21, 1969—No. 41646.

*L. H. Mikeworth,* for appellants.

*Cox & King* and *Charles A. Cox,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendants, Julius Stern and Constance Stern, appeal from a judgment for plaintiff, Makousky, Inc., for a commission earned by the plaintiff as a real estate broker in the sale of land.

Defendants and one Roy Almquist, now deceased, were co-owners of land situated along County Road No. 42 in Dakota County. The Sterns and Almquist acquired the land in 1960 with the intention of holding it for speculation. The land was sold to one John J. Young, at a substantial profit, in 1963. The determinative issue is whether Almquist, who negotiated an initial purchase option with Young, had implied authority to employ a real estate broker to assist him in selling the land.

The essential facts surrounding the transaction are not complicated. In late January or early February 1963, one William McNerney, plaintiff's employee, together with Young, a customer of plaintiff in search of a site in that area for use as a filling station, located and decided to purchase the Sterns-Almquist land if available. Young and Almquist were brought together by plaintiff. As a result of subsequent negotiations between them, an option to purchase was negotiated fixing the selling price at $55,000, $5,000 of which was to be a commission to plaintiff. The sale was consummated after Almquist's death in an aircraft accident on February 13, 1963. Almquist's authority to bind the Sterns in the sale of the land is clear from the testimony of defendant Julius Stern:

"Q. [By counsel for plaintiff] So, there was no question, is there, Mr. Stern, that Roy Almquist had the authority to give the option for this land which he did, is there?

\* \* \* \* \*

"THE WITNESS: Well, I thought I stated that before, he had authority."

We hold that the trial court's finding that Almquist had authority to employ plaintiff as a real estate broker is not without evidentiary support. The Stearns expected that

Almquist, who had taken the lead in purchasing the land, would take the lead in selling it. The Sterns manifested no intent that Almquist should perform such service by himself without outside assistance or otherwise without expense to the Sterns.[1] There was nothing in their personal situation or relationship, moreover, which would have made any such expectation reasonable. Almquist was regularly employed as a pilot for Northwest Airlines for many years and, in addition, had extensive business interests and other land holdings that obviously imposed limitations upon the time he could devote to this one real estate enterprise. Absent agreement to the contrary, it is to be inferred that the authority of an agent to sell land includes the authority to secure such professional or other assistance as the effective performance of the transaction requires, particularly where it is usual in transacting business of this kind.[2] As Judge John M. Fitzgerald stated in this case:

"* * * Selling realty through a broker, particularly when the terms call for a net figure to the seller so that the buyer in effect pays the real estate commission, in this day and age, certainly should be held to be selling realty in the usual manner."

Affirmed.

---

[1] If the agent reasonably assumes authority to engage in a transaction, it is immaterial that his action may in fact have been contrary to an undisclosed intent of his principal. See, Fingerhut Mfg. Co. v. Mack Trucks, Inc. 267 Minn. 201, 125 N. W. (2d) 734. See, also, Restatement, Agency (2d) § 7, comments b and c and § 44.

[2] Restatement, Agency (2d) § 64. See, also, Derrick v. The Drolson Co. Inc. 244 Minn. 144, 69 N. W. (2d) 124; Dimond v. Disabled American Veterans, 196 Minn. 52, 264 N. W. 125; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236.