Henry VASEK and Ronald Vasek, d/b/a Vasek Farms, Appellants,

v.

WARREN GRAIN & SEED COMPANY, Respondent,

Cargill, Incorporated, Respondent.

No. C8–84–207.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Michael A. Williams, Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, N.D., for appellants.

Kenneth F. Johannson, Dickel, Johannson, Wall, Tayler, Rust & Schmidtz, Crookston, for respondent Warren Grain & Seed Co.

Robert L. Lowe, Lowe, Schmidthuber & Lindell, Minneapolis, for respondent Cargill, Inc.

Heard, considered and decided by WOZNIAK, P.J., and SEDGWICK, and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Henry and Ronald Vasek, d/b/a Vasek Farms, appeal an order dismissing with prejudice their complaint against Cargill. The Vaseks contend that the trial court could not hold as a matter of law that the statutes of limitations had run and that Gary Hill of Warren Grain was not Cargill's agent for service of process on February 22, 1978. We affirm.

## FACTS

The Vaseks contracted to sell seed to Warren Grain & Seed. They delivered seed in late 1976 and early 1977. Henry Vasek heard that checks being drawn by Warren Grain were not being paid. He knew of a business relationship between Cargill and Warren Grain and that Warren Grain paid some bills with checks drawn on an account backed by Cargill. Vasek called the Fargo offices of Cargill and was assured that Warren Grain's past cash flow problems had been corrected and that he would not have problems getting paid if he sold more grain to Warren Grain. The Vaseks continued to deliver grain. Their last delivery was made on April 23, 1977. Warren Grain suffered a financial collapse and closed in late April 1977. The Vaseks received payment for only part of the grain they delivered to Warren Grain.

The Vaseks served a summons and complaint upon Gary Hill, an officer of Warren Grain & Seed Company, on February 22, 1978. The complaint alleged that Cargill violated the antitrust provisions contained in Minn.Stat. § 325.8013 and that Cargill, along with Warren Grain, was liable for the price of grain delivered to Warren Grain. Warren Grain answered on March 7, 1978, and denied all allegations.

On December 30, 1981, the Vaseks served a duplicate summons and complaint on Cargill. Cargill answered on January 15, 1982, denied the allegations as they related to Cargill, and asked for a dismissal claiming that the complaint failed to state a cause of action and that the action was barred by the statutes of limitations.

Cargill moved for a judgment on the pleadings on October 19, 1983. The Vaseks moved for an order which would permit them to amend their complaint and then moved for a partial summary judgment on the issue of Cargill's liability and for an order denying Cargill's motion for judgment on the pleadings.

The district court granted Cargill's motion for judgment on the pleadings and dismissed the complaint with prejudice.

## ISSUES

1. Is this action against Cargill barred by the statutes of limitations?
2. Was Gary Hill of Warren Grain an agent for service of process on Cargill?

## ANALYSIS

### I.

The trial court concluded that the Vaseks' suit against Cargill was commenced on December 30, 1981, and is barred by the statutes of limitations found in Minn.Stat. §§ 336.2–725 and 325D.64 (1982).

The Vaseks contend that the trial court could not rule as a matter of law that the statutes of limitations had run because the record did not establish when the breach of contract occurred or when the last actionable antitrust violation occurred. The Vaseks also contend that fraudulent concealment is an issue in this case and that it tolls the statutes of limitations.

The Vaseks made their last delivery of grain on April 23, 1977. Warren Grain

closed in April after suffering a "financial collapse." *A. Gay Jenson Farms Co. v. Cargill, Inc.*, 309 N.W.2d 285, 288 (Minn. 1981). Cargill was served four years and eight months later.

A. An action commenced under the Minnesota Antitrust Law of 1971, Minn.Stat. §§ 325D.49–325D.66, "shall be forever barred unless commenced within four years of the date upon which the cause of action arose." Minn.Stat. § 325D.64, subd. 1.

■ The Vaseks specifically plead that "Cargill's said actions from 1973 through April 1977 constituted a violation of Section 325.8013 * * *." (This 1978 statute is identical to § 325D.51 (1982). Only the numbering was changed.) Since the Vaseks did not allege violations after April 1977 their contention that the trial court could not rule as a matter of law that the statutes of limitations had run is without merit.

B. Minn.Stat. § 336.2–725 (1982) (Minnesota Uniform Commercial Code) provides in part that:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * * (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. * * * (4) This section does not alter the law on tolling of the statute of limitations * * *.

■ Unless there is a contrary agreement, a buyer must tender payment at the time and place where he receives the goods. Unless performance of this duty is excused, a buyer's failure to tender payment will put him in breach. Minn.Stat. §§ 336.2–301; 336.2–507; 336.2–511. The Vaseks made their last delivery of grain on April 23, 1977. When Warren Grain ceased doing any business in late April, the Vaseks had not received full payment for their grain. Therefore, the trial court did not err when it concluded that the statutes of limitations had run on the contract action.

■ The Vaseks also contend that Cargill concealed the true financial condition of Warren Grain and that fraudulent concealment tolls the statutes of limitations. Even if fraudulent concealment continues to toll the statute in light of Minn.Stat. § 336.2–725(2) (1982), it only does so during the time that the defendant by its fraud prevents the plaintiff from discovering his cause of action. See *Couillard v. Charles T. Miller Hospital, Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958). Even though the financial condition of Warren Grain was concealed before its closing, the closing revealed the financial condition and the cause of action. Any tolling of the statute does not help plaintiff.

II.

On February 22, 1978, a copy of the summons and complaint was served upon Gary Hill of Warren Grain. In answer to Cargill's motion to dismiss based on the statutes of limitation, the Vaseks argued that Warren Grain was Cargill's agent for service of process. They argued that *A. Gay Jenson Farms Co. v. Cargill, Inc.*, 309 N.W.2d 285 (Minn.1981), established as a matter of law that Warren Grain was Cargill's agent and thus service on Warren Grain was service on Cargill. The trial court held that Warren Grain was not the agent of Cargill for service of process on February 22, 1978. He noted, among other things, that (1) Gary Hill subsequently entered guilty pleas to criminal charges involving the wrongful taking of property; (2) their interests were adverse in *Jenson;* (3) Warren Grain and Cargill were adverse parties in five different cases on February 23, 1978; and (4) in a companion case initiated in September 1977, the same law firm involved in this case served Cargill directly. The trial court said, "[w]hile not dispositive of the issue here involved, it does contradict plaintiff's assertion in the instant case that Warren was clearly Cargill's agent in February, 1978, for purposes of service of process."

Rule 4.03(c), Minn.R.Civ.P., provides for personal service upon a corporation. Service "shall be made * * * by delivering a copy to an officer or managing agent, or to

any other agent authorized expressly or impliedly or designated by statute to receive service of summons * * *."

In *Jenson*, the court affirmed a jury determination that Warren was the agent of Cargill with regard to contracts for grain. "[C]argill, by its control and influence over Warren, became a principal with liability for the transactions entered into by its agent Warren." *Id.* at 290. These transactions referred to in *Jenson* must have been entered into before Warren Grain's closing in April 1977. The service of process in question was made on February 22, 1978.

The Vaseks contend that Warren Grain was a managing agent under Rule 4.03(c). An actual agency relationship must exist before there can be a valid service of summons pursuant to Rule 4.03(c). *Derrick v. The Drolson Co.*, 244 Minn. 144, 148, 69 N.W.2d 124, 127 (1955). "For the purposes of receiving service of summons, an agency relationship created by estoppel or implication of law has been held in this state not to be sufficient." *Id.*, n. 1. Managing agent refers to an agent who "has power to exercise independent judgment and discretion in executing the business of the corporation" and has such position in the company "as to make it reasonably certain that the corporation will be apprised of the service." *Id.* at 151, 69 N.W.2d at 129. * * * A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it. *Id.*, at 150, 69 N.W.2d at 129, quoting *Taylor v. Granite State Provident Ass'n*, 136 N.Y. 343, 346, 32 N.E. 992, 993.

■ In this case it is clear that even if Warren Grain had had the power to exercise independent judgment and discretion in the management of Cargill and if it had been in a position to make it reasonably certain that Cargill would be apprised of the service, both the power and the position ended with the closing of Warren Grain in April of 1977.

The Vaseks rely on *Granberg v. Pitz*, 195 Minn. 137, 262 N.W. 166 (1935), for the proposition that if a principal revokes the authority of its agent, it must notify third persons who have dealt with the agent in order to make the revocation effective as to them. They then state that there is nothing in the record to show a revocation of the agency by February 22, 1978, and no showing that they knew whether the agency had been revoked.

*Granberg* offers no support for the Vaseks. It specifically deals with general agents, not managing agents who must be distinguished from general agents. *Derrick* 244 Minn. at 150, 69 N.W.2d at 129. Moreover, while *Granberg* does require a principle to notify third persons it does so only when there is no actual notice. If Warren Grain had been a managing agent, the mere closing of the business would be actual notice that it no longer had the power or position to make it a managing agent for purposes of service of process.

The Vaseks also contend that Warren Grain was an agent authorized expressly or impliedly to receive service of summons under Rule 4.03(c). In order for one to be an " 'agent authorized expressly or impliedly' to receive service, it is first necessary that there be an *actual* agency relationship." *Kopio's, Inc. v. Bridgeman Creameries, Inc.*, 248 Minn. 348, 354, 79 N.W.2d 921, 925 (1956) (emphasis in original). The agency relationship should also be of such a character as to render it "fair, reasonable, and just" to imply an authority on the part of the agent to receive service on behalf of the defendant corporation. *Derrick* 244 Minn. at 153, 69 N.W.2d at 130, *quoting, Connecticut Mutual Life Insurance Co. v. Spratley*, 172 U.S. 602, 617, 19 S.Ct. 308, 314, 43 L.Ed. 569.

■ These rules are designed to limit service to persons "who could reasonably be expected to apprise the corporation of the service and the pendency of the ac-

tion." *Derrick* 244 Minn. at 150, 69 N.W.2d at 129. Service on Gary Hill in February 1978 does not satisfy these requirements. Since the Vaseks could have served Cargill directly with relative ease, there is no justification for artificially extending the Warren's agency relationship with Cargill to February 1978. *See Kopio's* 248 Minn. at 356, 79 N.W.2d at 927.

## DECISION

The trial court correctly concluded that the action against Cargill was barred by the statutes of limitations. It also correctly concluded that service upon Gary Hill of Warren Grain did not constitute service upon Cargill. Therefore, we affirm the trial court's decision.