Christopher LARSON, et al.,
Respondents,

v.

Maynard HENDRICKSON, et al., Defendants,

Charles Pearson, Petitioner, Appellant.

No. C2–86–675.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Robert F. Mannella, Babcock, Locher, Nelson & Mannella, Anoka, for respondents.

James A. Schaps, Gene P. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for defendants and appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

Respondents brought suit against appellant Pearson in December 1984. The summons and complaint were served by substitute service on a tenant in Pearson's Minnesota home. In October 1985 Pearson moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process pursuant to Minn.R.Civ.P. 4.03(a) and 12.02(2). The trial court denied Pearson's motion, and Pearson's petition

for discretionary review was granted. We affirm.

## FACTS

Pearson lived on Interlachen Drive in Ham Lake, Minnesota, and was a resident of this state for approximately eight years. On October 7, 1984, Pearson and his roommate, Tim Roeder, drove to Key West, Florida, with, according to deposition testimony, the intention of residing there permanently. Pearson hoped to set up a pottery business in Key West. In the meantime, he rented his Minnesota home on an oral agreement basis. Pearson stored his pottery equipment at the house and left his truck parked on the property.

Pearson and Roeder stayed at a motel in Key West. They agreed that, in return for maintenance work on the motel, they would accept free rent. Pearson testified that he had a part-time job with a security company. He did not receive pay, however, until 1985. Meanwhile, he looked at several pieces of property with the stated intent of purchasing a house. He opened a checking account in Key West and received mail there.

This action was brought by Christopher Larson and his parents against Pearson and Maynard Hendricksen, both former teachers at a high school in Independent School District # 16, alleging that Pearson and Hendrickson are guilty of sexual misconduct toward Christopher. The Larsons brought suit alleging assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, gross negligence, and negligence in supervision and hiring by the school district.

An Anoka County deputy sheriff left a copy of the summons and complaint with a Mr. Jordan, a tenant in Pearson's home. Pearson answered in February 1985, alleging lack of personal jurisdiction. In October 1985 he moved to dismiss based on lack of personal jurisdiction and ineffective substitute service of process. Pearson alleged that the summons and complaint were left at a residence which was not his usual

place of abode and that substituted service was, therefore, invalid.

Pearson renewed his teaching license in Minnesota in 1985. On the date process was served, Pearson's two vehicles were registered and insured in Minnesota. He retained his bank account with the Teachers Federation Credit Union in Minneapolis. He retained his Minnesota driver's license. The utilities for his Minnesota home were still in his name.

Pearson returned to this state in April 1985 and lived until August at his home on Interlachen Drive. He put the home on the market and sold it in August. Pearson purchased a house in Florida in July 1985.

The trial court concluded that Pearson was actually in a period of transition but that, for purposes of service of process, his usual place of abode was still at Interlachen Drive.

## ISSUE

Did the trial court err in determining that effective and sufficient substitute service of process was properly obtained upon Pearson?

## DISCUSSION

When examining the record, we must view the evidence in the light most favorable to the trial court's findings. *Hansen v. Hansen*, 284 Minn. 1, 5, 169 N.W.2d 12, 15 (1969); *Rinker v. Rinker*, 358 N.W.2d 165, 167 (Minn.Ct.App.1984). The trial court's memorandum accompanying its order denying the motion to dismiss contains recitations of fact, based upon evidence submitted before it, which will be treated as findings of fact and accorded the same deference. A reviewing court will overturn a trial court's decision only if there are erroneous conclusions that are against logic and the facts on record require a conclusion that the trial court erred. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

Minn.R.Civ.P. 4.03 requires that service of process be in the following manner: (a) Upon an individual by delivering a copy to him personally or by leaving a

copy at his usual place of abode with some person of suitable age and discretion then residing therein.

The issue of "usual place of abode" was discussed in *Rask v. American Federation of Labor,* 263 Minn. 198, 116 N.W.2d 175 (1962), and the supreme court quoted with approval the factual analysis used by the trial court deciding the question:

> That he is a resident of the state of New York is shown by his personal presence in that state; by his being a registered voter there; by the fact that his car bears a New York license plate; and by his household goods and furniture being located in that state. Defendant sold his home located [in Minnesota] and does not own property in the State of Minnesota nor does he conduct any business within the state.

*Id.* at 199, 116 N.W.2d at 176.

Here, Pearson did not register to vote in Florida. His car and truck were registered in Minnesota; he retained his Minnesota driver's license until December 1985; and he renewed his Minnesota teaching certificate in 1985. He owned a house in this state and his business equipment was stored there. He returned to Minnesota and lived in the same house at which service had been effected for several months after the summons and complaint were served.

The trial court concluded:

> All the facts lead the Court to its conclusion that at the time process was served, 3258 Interlachen Drive was the defendant's usual place of abode. He did not have a permanent residence anywhere because he was in the process of moving. During the period of transition his home in Minnesota was the appropriate place for service of process. It was a place where it was certain he could be reached. He had contacts with the person who rented his house, and the renter lived in the house to the defendant's benefit. Further, it is appropriate here, as in *Kirkevold,* to apply a liberal construction of the rule where the defendant received prompt and actual notice of the

suit against him. Accordingly, 3258 Interlachen Drive was the defendant's usual place of abode for service of process in December of 1984 and service was proper.

There appears to have been no significant problem resulting from the service of the summons and complaint on the tenant, as he promptly forwarded it to Pearson's attorney. When actual notice of the action has been received by the intended recipient, "the rules governing such service should be liberally construed." *Minnesota Mining and Manufacturing v. Kirkevold,* 87 F.R.D. 317, 323 (D.Minn.1980). There is sufficient evidence to support the trial court's conclusion that Pearson's usual place of abode was Minnesota for the purpose of service of process in December 1984.

## DECISION

Affirmed.