William WINKEL, Respondent,

v.

EDEN REHABILITATION TREATMENT FACILITY, INC., Appellant.

No. C1-88-1224.

Court of Appeals of Minnesota.

Dec. 13, 1988.

Blake Shepard, Jr., Best & Flanagan, Minneapolis, for respondent.

Kay Nord Hunt, Ted E. Sullivan, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and NORTON and FLEMING *, JJ.

## OPINION

FLEMING, Acting Judge.

Respondent William Winkel served a summons and complaint on a staff counselor at the office of appellant, Eden Rehabilitation Treatment Facility, Inc., alleging discrimination on the basis of homosexuality. Appellant brought a motion to dismiss on the grounds that the counselor was not an agent authorized expressly or impliedly by the corporation to receive service of summons under Minn.R.Civ.P. 4.03(c). The trial court denied the motion and allowed personal jurisdiction over appellant, concluding that service of the summons and complaint was legally sufficient and made upon an agent of the corporation with implied authority to accept service on its behalf. Appellant sought, and this court granted, discretionary review of the order denying the motion to dismiss. We reverse.

## FACTS

In September 1985, respondent commenced court-ordered treatment for chemical dependency at Eden Rehabilitation Treatment Facility, Inc. (Eden House), in Minneapolis. Eden House, a domestic corporation, is a halfway house licensed by the State of Minnesota. Winkel claims that his counselor at Eden House required him to submit to testing for exposure to the Acquired Immune Deficiency Syndrome (AIDS) virus, despite Winkel's objections. On June 19, 1987, Winkel filed a complaint alleging he was discriminated against on the basis of his sexual preference. He claims he was treated disparately, as no other patients in the Eden House treatment program were required by staff to be tested for AIDS, despite the fact that a large number of patients were part of a high risk population for exposure to AIDS, namely intravenous drug users.

The summons and complaint were personally served upon Eden House at its principal place of business by a professional process server, John F. Egan. When he arrived at Eden House, Egan allegedly asked several employees if there was anyone present who could accept service on behalf of the corporation. Egan claims he was directed by these employees to speak to Lea Cisewski, and was informed that Cisewski was authorized to accept service on behalf of Eden House. Egan spoke with Cisewski, who allegedly stated that she was authorized to accept service of the summons and complaint on behalf of Eden House. Cisewski accepted service and gave Egan a handwritten acknowledgement, stating she was accepting papers from John Egan to be given to the program director of Eden House.

Cisewski is a staff counselor at Eden House. She denies that she was authorized to accept service on behalf of the corporation and further states that she was not aware that the documents she accepted were a summons and complaint. It is undisputed that Cisewski has never been an officer or managing agent of the corporation, nor has she ever been designated by the corporation as an agent to receive service of process.

Eden House brought a motion to dismiss this action on the grounds that the service of process effectuated on the corporation was improper under Minn.R.Civ.P. 4.03(c)

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

and that the trial court lacked personal jurisdiction. In opposition to the motion to dismiss, respondent claimed that Cisewski had implied authority to receive service on behalf of the corporation under Rule 4.03(c).

The trial court found that service of the summons and complaint was legally sufficient and made upon an agent of the corporation with implied authority to accept service on its behalf. The trial court further found that it had personal jurisdiction over Eden House to hear the merits of the action. It denied the motion for summary judgment, stating that a genuine issue of material fact existed due to contrary allegations in the process server's affidavit and the affidavit of the corporation's employee. The trial court found that the issue of the sufficiency of service was not properly one for summary adjudication and thus denied the motion. Eden House appeals, claiming the trial court lacks personal jurisdiction as the service of the summons and complaint was insufficient under Minn.R.Civ.P. 4.03(c). This court granted discretionary review pursuant to Minn.R. Civ.App.P. 105 by order filed June 29, 1988.

## ISSUE

Did the trial court err as a matter of law in concluding that service of respondent's summons and complaint was made upon an agent with implied authority to accept service on behalf of appellant corporation?

## ANALYSIS

It is this court's practice to extend discretionary review to orders involving questions of jurisdiction. *See, e.g., Miller v. City of St. Paul,* 363 N.W.2d 806, 809 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. April 26, 1985). In reviewing denials of motions to dismiss for lack of personal jurisdiction or insufficiency of process, the allegations in the plaintiff's complaint and collateral supporting evidence are assumed to be true. *Hunt v. Nevada State Bank,* 285 Minn. 77, 82–83, 172 N.W.2d 292, 296–97 (1969), *cert. denied sub. nom., Burke v. Hunt,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970). Thus, this court must consider whether the trial court properly denied appellant's motion to dismiss, where the facts as alleged in Winkel's complaint, supporting affidavit, and memorandum in opposition are taken to be true.

The sole issue on this appeal is whether respondent's allegations, as a matter of law, establish that service was made upon an agent of the corporation with implied authority to accept service on its behalf.

Rule 4.03(c) provides:

Service of summons within the state shall be made as follows:

\* \* \* \* \* \*

(c) **Upon a Corporation.** Upon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, *or to any other agent authorized* expressly or *impliedly* or designated by statute *to receive service of summons* \* \* \*. (Emphasis added).

Service of process in a manner not authorized by Rule 4 is ineffective. *Duncan Electric Co., Inc. v. Transdata, Inc.,* 325 N.W.2d 811 (Minn.1982). Although rules governing service are liberally construed when the intended recipient had actual notice of the lawsuit, *Larson v. Hendrickson,* 394 N.W.2d 524, 526 (Minn.Ct.App.1986), actual notice will not subject defendants to personal jurisdiction absent the plaintiff's substantial compliance with Rule 4. *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988).

This appeal involves the requirement of Rule 4.03(c) that a summons shall be served on an agent expressly or impliedly authorized to receive service on behalf of the corporation. It is undisputed that Lea Cisewski was never expressly authorized by appellant corporation to receive service of summons, nor has she ever been a managing agent, officer or director of Eden House. Respondent contends only that Cisewski had implied authority as an agent of the corporation to accept service.

In order for one to be an agent expressly or impliedly authorized to receive service under Rule 4.03(c), "it is first necessary that there be an *actual* agency relationship." *Kopios, Inc. v. Bridgeman Creameries, Inc.,* 248 Minn. 348, 354, 79 N.W.2d

921, 925 (1956) (emphasis in original); *Vasek v. Warren Grain & Seed Co.*, 353 N.W.2d 175, 178 (Minn.Ct.App.1984). An agent's actual authority consists of express and implied authority. *Hockemeyer v. Pooler*, 268 Minn. 551, 565, 130 N.W.2d 367, 377 (1964). Express authority is that authority which the principal directly grants to the agent. *Id.* Implied authority includes only those powers which are essential to carry out the duties expressly delegated to the agent. *Id.* Further, it is well established that implied authority is actual authority, circumstantially proved. *Derrick v. The Drolson Co., Inc.*, 244 Minn. 144, 152, 69 N.W.2d 124, 130 (1955); *Rommel v. New Brunswick Fire Insurance Co.*, 214 Minn. 251, 261, 8 N.W.2d 28, 34 (1943).

It is undisputed that Cisewski had no express authority. Thus, this court must determine if Winkel has presented any circumstantial evidence to establish that an actual, implied agency relationship existed as a matter of law.

Winkel has offered no circumstantial evidence to prove that Eden House, as principal, granted implied authority to Cisewski, the alleged agent, to receive service of the summons. Cisewski is a staff counselor and does not have any managerial duties at Eden House. Respondent does not contest that Cisewski is under the direction and control of supervisory staff and does not exercise independent judgment and discretion in executing the business of the corporation. Respondent offers no material evidence relating to the scope of Cisewski's alleged agency relationship with the corporation. Rather, respondent simply claims that "there is no doubt that an actual agency relationship existed between the defendant and Cisewski inasmuch as Cisewski was employed by defendant as a staff counselor at the time of service." Such an allegation, on its face, falls short of establishing an implied agency relationship governing receipt of process under Rule 4.03.

According to the notes of the Advisory Committee, Rule 4.03(c) was intended to "permit service upon agents so authorized under common law principles of agency."

*Derrick*, 244 Minn. at 152, 69 N.W.2d at 130 (quoting Minnesota Rules of Civil Procedure, Tentative Draft, pp. 19–20). Under Minnesota common law, it is well established that an implied agency relationship includes only such powers as are directly connected with and essential to the business expressly entrusted to the agent. *See Derrick*, 244 Minn. at 152–153, 69 N.W.2d at 130; *Cauger v. Gray Motor Co.*, 173 Minn. 370, 372, 217 N.W. 347, 348 (1928). Implied authority is actual authority inferred from a course of dealing between the principal and his agent. *Schlick v. Berg*, 205 Minn. 465, 468, 286 N.W. 356, 358 (1939).

To establish implied authority, Winkel must offer circumstantial evidence tending to prove that Cisewski, as a staff counselor, had power to exercise independent judgment and discretion in promoting the business of the corporation or that her position was of such character and rank as to make it reasonably certain that the corporation would be apprised of the service. *Derrick*, 244 Minn. at 150, 69 N.W.2d at 129; *Duncan*, 325 N.W.2d at 812. Respondent, in his affidavits and pleadings, has not offered circumstantial evidence relating to implied authority.

Instead, respondent's allegations all seem to be based on the common law agency concept of apparent authority. Respondent's process server, John Egan, states that he entered appellant's place of business and "asked several employees at the front desk and on the second floor of the facility if there was someone present who could accept service of a Summons and Complaint on behalf of the defendant." He claims that the employees told him Lea Cisewski could accept service on behalf of Eden House. He further alleges that he spoke to Cisewski, who informed him "that there were no other corporate officers available at that time to accept service, and that she was authorized to accept service of a Summons and Complaint in their absence." She took the summons and complaint and gave Egan a handwritten note stating that she was accepting papers from Egan to be given to the program director.

The note was signed "Lea Cisewski, Staff Counselor."

Taking respondent's allegations to be true, it is clear that no actual agency relationship is established. Apparent authority is not actual authority, but is that which the principal holds out the agent as possessing or knowingly permits the agent to assume. *Derrick,* 244 Minn. at 153, 69 N.W.2d at 130 (citing 1 Dunnell, Dig (3d ed.) § 156. Apparent authority rests on an estoppel to deny authority based on a third party's reliance on the appearance of authority permitted by the principal. *Fox v. Morse,* 255 Minn. 318, 322, 96 N.W.2d 637, 640 (1959); *Schlick,* 205 Minn. at 468, 286 N.W. at 358. Here, respondent and Egan as third parties allegedly relied on an appearance of authority that Cisewski was agent for purposes of accepting service. The Eden House employees' and Cisewski's affirmative representations, taken to be true, might establish apparent authority for Cisewski to receive service of process on behalf of the corporation.

However, *implied,* not apparent, authority is required under the language of Rule 4.03(c) and cases interpreting it. We are not here concerned with whether Cisewski was "held out" by the corporation as being authorized to receive service, but rather whether she had the actual authority to receive it; that is, whether such authority was necessary and incidental to any express authority granted. *See Derrick,* 244 Minn. at 153, 69 N.W.2d at 130. For one to be an agent for purposes of receiving service of process under Minnesota law, there must be an agency relationship which cannot be created by estoppel or implication of law, but may be implied from facts presented. *McNeely v. Clayton & Lambert Manufacturing Co.,* 292 F.Supp. 232, 240 (D.Minn.1968). Respondent has failed to allege facts allowing such an implication.

■ Indeed, in *Duncan,* the Minnesota Supreme Court held that where a plaintiff relied upon a designation of an individual in a Dun and Bradstreet publication as an "office manager," her self-designation as an administrative assistant, and her willingness to accept process, those factors did not establish the requisite implied authority. 325 N.W.2d at 812. An employee's willingness to accept service of process is clearly insufficient to establish that she is an agent with implied authority to receive service on behalf of a corporation. *Id.*

Respondent asserts that the instant action is distinguished from *Duncan* because Cisewski allegedly affirmatively stated that she was authorized to receive process. Such representations alone do not establish implied authority under common law principles of agency. Whether Cisewski as the alleged agent manifested consent to a third party, such as respondent, is not relevant in a determination of actual, implied authority. An actual agency relationship results from the manifestation of consent by the *principal* to the agent that the agent shall act on the principal's behalf. *See,* 15B Dunnell Minn. Digest, Process § 2.01 (3d ed. 1980) (citing *Derrick,* 244 Minn. at 144, 69 N.W.2d at 124) (emphasis added).

Respondent asserts that implied authority may be circumstantially proved by implication from words or other conduct, including acquiescence of an agent to a third party. Respondent cites for support *Fingerhut Manufacturing Co. v. Mack Trucks, Inc.,* 267 Minn. 201, 204, 125 N.W.2d 734, 736 (1964). However, that case discussed whether implied authority was established by circumstantial evidence of a *principal's* manifestations of consent to his agent. *Id.* Respondent has offered no material evidence to show that Eden House, as a principal, or anyone in a management position, manifested consent for Cisewski to have authority to accept service.

Nevertheless, respondent contends that decisions in other states have recognized that a process server cannot be expected to know a corporation's internal practices, and is entitled to rely on a defendant's employees (apparent authority) to direct him to the appropriate person to accept service. However, appellant correctly notes that Minnesota's Rule 4.03(c) differs significantly from the rules governing service of process on a corporation in such states. Although, for example, Wis.Stat. sec. 801.11(5)(a) recognizes service on those "apparently in charge of the office" of a corporation, Minnesota's Rule 4.03(c) does not.

Every state within its own sphere of action has exclusive right to provide the method by which its courts may obtain jurisdiction over a person or res. *Madden v. Truckaway Corp.*, 46 F.Supp. 702, 705 (D.Minn.1942). The Minnesota legislature and supreme court have so provided. This court is not the appropriate forum to extend existing law. *Iowa National Insurance Co. v. Auto Owners Insurance Co.*, 371 N.W.2d 627 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985).

Respondent's collateral evidence and allegations, even if true, do not raise a genuine issue of material fact that Cisewski was an agent with implied authority to receive service of process on behalf of the corporation. All of respondent's evidence relates to issues of apparent authority. The evidence presented by respondent does not, as a matter of law, establish the requisite implied authority under Rule 4.03(c). The alleged statements of the Eden House employees do not establish that Cisewski had the power to exercise independent judgment and discretion in promoting the business of the corporation or that her position was of sufficient rank or character as to make it reasonably certain that the corporation would be apprised of the service.

Summary judgment is proper when the nonmoving party fails to provide the trial court with specific indications that there is a genuine issue of material fact. *Thiele*, 425 N.W.2d at 583. Given the lack of any material evidence to establish a valid implied agency relationship for purposes of receiving service of process under Rule 4.03(c), there was no genuine issue of material fact. As a matter of law, the trial court has no personal jurisdiction over appellant due to the insufficiency of the service of process.

### DECISION

Reversed.