ABEL HATINEN, SPECIAL ADMINISTRATOR OF THE
ESTATE OF SAM HATINEN, DECEASED, v. JOHN
BARTON PAYNE.[1]

November 25, 1921.

No. 22,443.

**Service of process on corporation — managing agent defined.**

    1. A managing agent of a private domestic corporation upon whom a summons may be served under section 7735, G. S. 1913, is an agent having charge and control of some part of the business of the corporation and vested with powers requiring the exercise of judgment and discretion.

**General agent in Duluth not a managing agent.**

    2. The agent upon whom service was made in this action was not a managing agent.

Action in the district court for Carlton county to recover $7,500 for the death of plaintiff's intestate. From an order, Cant, J., setting aside the service of summons and complaint, plaintiff appealed. Affirmed.

[1] Reported in 185 N. W. 386.

*Arnold & Arnold,* for appellant.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall,* for respondent.

TAYLOR, C.

This is an appeal from an order setting aside the service of the summons and complaint.

The action was brought in Carlton county against the defendant as agent of the President under the Federal Transportation Act, to recover damages for the death of plaintiff's child, alleged to have been caused by injuries sustained in a fire alleged to have been negligently started and allowed to escape by the employes operating the Great Northern Railway while under Federal control. The Federal act, so far as here material, provides that process may be served upon an agent or officer of the carrier "authorized by law to be served with process in proceedings brought against such carrier."

Section 7736, G. S. 1913, provides that, in actions against a railway company, service of the summons "may be made by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action or proceeding is begun." It is conceded that the service was not valid under this statute, for the reason that it was not made in Carlton county, but in St. Louis county, upon H. R. Carl, an agent of the carrier in St. Louis county.

Section 7735, G. S. 1913, provides:

"If the action be against a private domestic corporation, the summons may be served by delivering a copy thereof to its president, vice-president, secretary, cashier, or treasurer, or to any director or managing agent thereof."

The Great Northern Railway Company is incorporated under the laws of this state, and plaintiff contends that Carl was a managing agent of the railway company within the meaning of this provision. The trial court held that he was not a managing agent, and set aside the service on that ground.

This statute must be construed in the light of the fact that it provides a method for making service only on private domestic corpora-

tions which have, within the state, such officers as are designated therein, and that other statutes provide the method for making service on foreign corporations, on public corporations, and on private domestic corporations having no such officers within the state.

As pointed out by the learned trial court, the officers upon whom this statute authorizes service to be made, unless a "managing agent" be an exception, are the principal executive officers of the corporation, and all of much the same rank. In view of the connection in which the term "managing agent" is used, we think the legislature intended thereby only those agents who possess powers similar in character and importance to those possessed by the officers expressly named; that they intended only those agents who have charge and control of the business activities of the corporation or of some branch or department thereof, and who, in respect to the matters entrusted to them, are vested with powers requiring the exercise of an independent judgment and discretion. This is the meaning usually given to the term "managing agent." 26 Cyc. 123; 19 Enc. Pl. & Pr. 662, 680; 9 Fletcher, Cyclopedia of Corporations, 10,380, and the cases cited in these works.

Carl is in the traffic department. At the head of this department there is a director of traffic who is one of the vice presidents. Under him there is a freight traffic manager and a passenger traffic manager. Under the freight traffic manager there is an assistant freight traffic manager and four assistant general freight agents. Under the passenger traffic manager there are four assistant general passenger agents. Carl is subordinate to and under all of these officers. He has an office in the city of Duluth and has four employes under him. He solicits both freight and passenger business, and is called a general agent, to distinguish him from one who is a freight agent only or a passenger agent only. His duty, as he states it, is to get business and see that it is properly handled, and to keep shippers satisfied. He has nothing to do with operating the road, and, whenever any action is required or any service is to be performed, can only present the matter to his superiors, or to the proper department, with his request or recommendation. He cannot issue orders. He quotes tariff rates to prospective patrons and signs bills of lading, but does not handle or sell passenger

tickets. He looks after complaints and endeavors to adjust them, but any action by the company must be authorized by others. He receives and investigates claims and then turns them over to the claim department with his recommendation. He has no power to settle them or to obligate the company to pay them.

We think it clear that Carl was not a managing agent either within the meaning of the statute, or within the meaning of the term as commonly used and understood.

Plaintiff seems to make some point of the fact that the summons had been served on Carl in a large number of actions, and that he had been instructed to deliver all such papers to the attorneys for the company. We fail to see how this fact has any bearing on the question here presented, especially as Carl was, at least, a freight agent of the company in St. Louis county, and, in actions brought in that county, service could properly be made upon him.

The order appealed from is affirmed.