## E. A. AALTIO v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY AND ANOTHER.[1]

June 5, 1936.

No. 30,807.

*Stearns, Stone & Mackey,* for appellant.
*John F. Maki,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to recover damages for wrongful death.

Plaintiff commenced action in the district court of St. Louis county alleging that the intestate, Emil Langi, was employed by the two defendants, Chicago, Burlington & Quincy Railroad Company and the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, and that his death, which resulted from accident, was due to the negligence of both defendants.

On August 26, 1935, a copy of the summons and complaint was handed to one R. G. Elliott, who acted as freight agent in Ramsey county for the Chicago, Burlington & Quincy Railroad Company

[1]Reported in 267 N. W. 384.

and another railroad company. The summons and complaint were served in Ramsey county.

The defendant Chicago, Burlington & Quincy Railroad Company appeared specially and moved to set aside the service. The court entered an order denying the motion, and the Chicago, Burlington & Quincy Railroad Company appeals from that order. The other defendant, the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, is not involved in this appeal, and the Chicago, Burlington & Quincy Railroad Company will hereinafter be referred to as the defendant.

It is conceded that Elliott acted as freight agent for defendant in Ramsey county but did not act in that capacity in St. Louis county, where this action was begun.

Only one question is presented: Can plaintiff acquire jurisdiction over a foreign railroad corporation by service of summons upon its freight agent in another county than the county in which the action is brought?

The determination of this question depends on the construction of 2 Mason Minn. St. 1927, §§ 9231(3) and 9233. In Minnesota Revised Laws 1905 these sections were 4109 and 4110, respectively.

The pertinent portion of § 9231(3) reads as follows:

"If the defendant be a foreign corporation the summons may be served by delivering a copy to any of its officers or agents within the state,  *  *  *."

Section 9233 provides:

"In any action or proceeding against a railway company, whether domestic or foreign,  *  *  *  service of the summons  *  *  * may be made by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action or proceeding is begun, with the same effect as though made pursuant . to § 9231."

It is the contention of appellant that § 9233 is a limitation on § 9231(3), and that service on a ticket or freight agent of a foreign railroad corporation is invalid unless made on such agent within

the county where the action is brought. Respondent, on the other hand, contends that the service made was valid and effectual under § 9231(3).

We hold that § 9233 limits § 9231(3) so that in cases involving railroad corporations, whether domestic or foreign, service on a ticket or freight agent must be made within the county of the action or it is null and of no effect. This is the first time that this precise question has been raised in this court. Prior to this time it has apparently been conceded by the lawyers and the courts that § 9233 had this effect. In Hatinen v. Payne, 150 Minn. 344, 347, 185 N. W. 386, the attorneys for both litigants conceded that service on an agent, who was "at least, a freight agent," made in St. Louis county, was not valid under this statute since the action was commenced in Carlton county. The language of the court in its opinion likewise indicates approval of this interpretation.

In Robinson v. Oregon Short Line R. Co. 151 Minn. 451, 454, 187 N. W. 415, 416, this court expressly stated that the service provided for by § 9233 upon a ticket or freight agent is restricted to "service within the county in which the action is begun."

It cannot be seriously contended that § 9233 was not intended to be a limitation on § 9231(3). To hold otherwise would be to render the former statute of no effect whatsoever as far as it concerns service on foreign railroad corporations. Section 9231(3) provides generally for service on a foreign corporation by delivering a copy of the summons to any of its officers or agents anywhere within the state. The language of this section is clearly broad enough to include a foreign railroad corporation such as in this case, assuming, as is contended by respondent, that the term "agents" used therein includes ticket and freight agents. It must be presumed that the legislature intended § 9233 to impose some restriction upon the methods of service provided therein with respect to foreign as well as domestic railroad corporations; otherwise the statute would merely enumerate a method already provided for in § 9231(3). If jurisdiction could be acquired under § 9231(3) in St. Louis county by serving a freight agent in Ramsey county, as was done in this case, there would be no occasion for having a statute providing that

summons could be served on a railroad corporation by serving the ticket or freight agent in the county of the action, unless it were intended as a limitation on the former.

If we consider § 9233 as providing an additional method of obtaining jurisdiction over a foreign railroad corporation, not provided in § 9231(3), our conclusion herein must be the same. In providing the additional method of serving a ticket or freight agent, the statute itself expressly limits it to service in the county of the action. This limitation has not been complied with.

The order appealed from is reversed.

STONE, JUSTICE, took no part in the consideration or decision of this case.