**DUNCAN ELECTRIC CO., INC.,**
Respondent,

v.

**TRANS DATA, INC., Appellant.**

**No. 82–647.**

Supreme Court of Minnesota.

Nov. 5, 1982.

P.H. Carr & Assoc. and Albert B. Beety, Minneapolis, for appellant.

Leonard Street & Deinard and Robert Lewis Barrows, Minneapolis, for respondent.

AMDAHL, Chief Justice.

The defendant Trans Data, Inc. appeals from an order of the district court refusing to vacate a default judgment entered

against it and in favor of the plaintiff Duncan Electric Company, Inc., we reverse.

Defendant first contends that the court erred in refusing to set aside the judgment as void upon the ground of insufficient service of process. The record establishes that the summons and complaint were delivered to defendant's office and served upon an employee in attempted satisfaction of Minn. R.Civ.P. 4.03(c) which requires service upon a domestic corporation by delivering a copy "to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons * * *."

Affidavits submitted by the defendant state that the individual who accepted service is a receptionist and clerical worker not authorized "to exercise or make any independent judgments regarding the business of the Corporation." While plaintiff relies upon a designation of the individual in a Dun and Bradstreet publication as an "office manager", her self-designation as an administrative assistant and her willingness to accept process, those factors are, in light of the contrary affidavits, insufficient to establish the requisite express or implied authority. *Kopio's, Inc. v. Bridgeman Creameries, Inc.*, 248 Minn. 348, 79 N.W.2d 921 (1956).

Also absent from the record is evidence tending to establish that the individual had the power to exercise independent judgment and discretion in promoting the business of the corporation or that her position was of such character and rank as to make it reasonably certain that the corporation would be apprised of the service. *Derrick v. The Drolson Co.*, 244 Minn. 144, 69 N.W.2d 124 (1955). As a result, the trial court erred in failing to set aside the judgment as void for lack of jurisdiction.

We need not address the defendant's second ground for vacation of the default judgment because the resolution of the first question on appeal is dispositive.

Reversed and remanded with instructions to vacate the default judgment entered in favor of the plaintiff.