David Gordon MILLER, Appellant,

v.

A.N. WEBBER, INC., Respondent.

No. C4–91–1793.

Court of Appeals of Minnesota.

April 21, 1992.

Review Denied June 10, 1992.

James E. Broberg, Phillip A. Kohl, Christian & Peterson, P.A., Albert Lea, for appellant.

George C. Hottinger, Erstad & Riemer, P.A., Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and FORSBERG, and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the dismissal of the case based on insufficiency of service of process. We affirm.

## FACTS

On March 15, 1984, a motor vehicle accident occurred in Minnesota between a car driven by appellant David Miller and a truck leased by respondent A.N. Webber, Inc. (Webber), and operated by its employee. Webber is an Illinois corporation, whose principal place of business is located in Kankakee, Illinois.

On March 9, 1990, a summons and complaint was served personally, in Illinois, on Jackie Hansen, an employee of Webber. Ms. Hansen's primary job was handling accounts payable and data entry, but she customarily filled in for the receptionist during her lunch break. While filling in for the receptionist, she signed for receipt of the summons and complaint. The statute of limitations ran shortly thereafter.

The trial court dismissed the complaint based on inadequate service of process. Appellant challenges the dismissal of the complaint, arguing that Hansen was a proper agent of Webber for service of process.

## ISSUE

Did the trial court err in dismissing the case based on insufficiency of service of process?

## ANALYSIS

Jurisdiction is an appealable issue. *In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989).

In reviewing denials of motions to dismiss for lack of personal jurisdiction or insufficiency of process, the allegations in the plaintiff's complaint and collateral supporting evidence are assumed to be true.

*Winkel v. Eden Rehab. Treatment Facility*, 433 N.W.2d 135, 137 (Minn.App.1988).

**1.** The Illinois rule as to service of process on receptionists—a rule that now cannot be applied—is much different from the Minnesota rule. Service on a receptionist, a common entry point into the message delivery system of a corporation, large or small, would be valid in

## I.

While appellant does not explicitly raise this choice of law issue, and it is a subtle one, an underlying issue in this case is whether Minnesota or Illinois law should govern whether a receptionist is an agent authorized to receive service of process on a corporation.

Conflict of Laws is that part of the law of each state which determines what effect is given to the fact that the case may have a significant relationship to more than one state.

*Restatement (Second) of Conflict of Laws* § 2 (1971).

"In general, it is fitting that the state whose interests are most deeply affected should have its local law applied." *Id.* at § 6, comment f. Which state's interests are dominant, however, may vary from issue to issue. *Id.*

■ Service of process on a representative of a corporation primarily involves the relationship between the individual and the employer; it also may involve the relationship between the process server and the corporation. In this case, these relationships are in Illinois and in the usual circumstance should be governed by Illinois law.

■ Minnesota law provides that Minnesota courts shall take judicial notice of the statutory and case law of other states. Minn.Stat. § 599.04 (1990). Before a Minnesota court may be asked to take judicial notice of another state's laws, however, "reasonable notice" must be given to any adverse parties. Minn.Stat. § 599.07 (1990). Because this notice was not given, Illinois law cannot be applied, and since this issue was not presented to the trial court, it may not be reviewed here. *Komatz Constr., Inc. v. Western Union Tel. Co.*, 290 Minn. 129, 142, 186 N.W.2d 691, 699 (1971), *cert. denied*, 404 U.S. 856, 92 S.Ct. 102, 30 L.Ed.2d 98 (1971).[1]

Illinois. *Megan v. L.B. Foster Co.*, 1 Ill.App.3d 1036, 1038, 275 N.E.2d 426, 427–28 (1971). As part II of this opinion reveals, Minnesota is surprisingly, and we think inappropriately, timid in the trust it places in receptionists.

## II.

Where a conflict of law question has not been raised, Minnesota law will govern. Minn.Stat. § 599.07 (1990). Minnesota law provides for personal jurisdiction over a nonresident who "[c]ommits any act in Minnesota causing injury or property damage." Minn.Stat. § 543.19, subd. 1(c) (1982). Minn.Stat. § 543.19, subd. 2 (1988), provides that:

> The service of process on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

> Minn.R.Civ.P. 4.03(c) provides for service [u]pon a domestic or foreign corporation, by delivering a copy [of a summons] to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons.

Prior to the adoption of these rules, the statute controlling service on a corporation provided for service of a summons only on enumerated officers, a member of the board of directors, or a "managing agent." *Derrick v. The Drolson Co.*, 244 Minn. 144, 149, 69 N.W.2d 124, 128 (1955). In determining who constituted a "managing agent" in Minnesota, the supreme court had indicated previously that it thought

> the Legislature intended thereby only those agents who possess powers similar in character and importance to those possessed by the officers expressly named [in the prior law]; that they intended only those agents who have charge and control of the business activities of the corporation or of some branch or department thereof, and * * * are vested with powers requiring the exercise of an independent judgment and discretion.

*Id.* (quoting *Hatinen v. Payne*, 150 Minn. 344, 346, 185 N.W. 386, 387 (1921)).

The court stated that:

> While the context in which the term "managing agent" is used * * * is changed in some respects by Rule 4.03(c),

there is no indication of any intention to change the meaning previously ascribed to it.

*Id.* In fact, the court said, the definition of "managing agent" expounded in *Hatinen v. Payne* was taken into account by the Advisory Committee which drew up the Minnesota Rules of Civil Procedure. *Id.* at f. 4.

Further, although the definition of "other agent authorized * * * impliedly" to accept service of a summons, evidently, was intended to be broader than the somewhat limited definition of "managing agent," *Derrick*, 244 Minn. at 152, 69 N.W.2d at 130, it was not intended to be so broad as to include persons who do not "possess powers similar in character and importance to those possessed by the officers." *Id.* at 149, 69 N.W.2d at 128.

More recently, the supreme court held that under Minnesota law, service of process on a corporation was insufficient where

> the individual who accepted service is a receptionist and clerical worker not authorized "to exercise or make any independent judgments regarding the business of the Corporation." * * * Also absent from the record is evidence tending to establish * * * that her position was of such character and rank as to make it reasonably certain that the corporation would be apprised of the service.

*Duncan Elec. Co. v. Trans Data, Inc.*, 325 N.W.2d 811, 812 (Minn.1982).

Here, the back-up receptionist, a person who primarily worked in accounts payable and data entry, signed for the summons and complaint. She was a clerical employee not authorized to make independent judgments on behalf of the corporation and in no way occupying a position "similar in character and importance" to a corporate officer. She does not meet the *Duncan Electric* test.

Service of process in a manner not authorized by Rule 4 is ineffective.

Although rules governing service are liberally construed when the intended recip-

ient had actual notice of the lawsuit, actual notice will not subject defendants to personal jurisdiction absent the plaintiff's substantial compliance with Rule 4. *Winkel*, 433 N.W.2d at 137 (citations omitted).

### DECISION

The trial court did not err in dismissing the suit for inadequate service of process.

Affirmed.