Marc TULLIS, Appellant,

v.

FEDERATED MUTUAL INSURANCE COMPANY, et al., Work Recovery Centers of Minnesota, Inc., Respondents,

Sara Schneider, individually, Jane Doe, Defendants.

No. C7–96–687.

Court of Appeals of Minnesota.

Dec. 10, 1996.

Review Granted Feb. 7, 1997.

Carter J. Bergen, Carter J. Bergen, P.A., St. Paul, for Appellant.

Therese M. Pautz, King & Hatch, P.A., St. Paul, for Respondent Federated Mutual Insurance Company.

Kathryn ·H. Davis, Bradley J. Betlach, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Respondent Work Re-.covery Centers of Minnesota, Inc.

Considered and decided by NORTON, P.J., and SCHUMACHER, and FORSBERG,* JJ.

## OPINION

NORTON, Judge.

Appellant Marc Tullis served a summons and complaint on an occupational therapist at the office of respondent Work Recovery Centers of Minnesota, Inc., (WRC), alleging medical malpractice. WRC sought dismissal on the grounds that the therapist was not an agent authorized impliedly by the corporation to receive service of summons, under Minn.R.Civ.P. 4.03(c). The district court dismissed the action and Tullis appeals. We reverse.

## FACTS

In his complaint, Tullis alleged that on or about November 25, 1992, he underwent a physical capacity evaluation at WRC. The evaluator allegedly forced Tullis to lift as much weight as possible even though the evaluator knew that Tullis received a laminectomy just six weeks prior to the evaluation. Tullis allegedly re-injured himself during the lift and required another surgery. At the time of the alleged negligence, James Priebe was WRC's executive director. On or about November 21, 1994, a private process server, James Erickson, attempted to serve WRC with the summons and complaint in this action. Erickson asked for Priebe and, after he appeared, handed him an envelope. At the time of service, Priebe was no longer WRC's executive director; his sole position was that of occupational therapist.

WRC moved for summary judgment, claiming insufficient service of process under

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

Minn.R.Civ.P. 4.03(c). WRC argued that Priebe was not an agent authorized impliedly by the corporation to accept service on its behalf. In an affidavit, Priebe stated that Erickson did not ask whether he was authorized to accept service on behalf of WRC, and Priebe did not say that he was authorized to accept service. Priebe was unaware that the envelope contained legal papers until after Erickson left. Erickson, in his affidavit, stated that Priebe told him that he was an agent of WRC, specifically its executive director. Priebe, in a rebuttal affidavit, stated that he has never accepted service on behalf of WRC.

The district court held that service was insufficient because Tullis failed to provide evidence that Priebe had the requisite implied authority to receive service on behalf of WRC. The district court granted summary judgment for WRC. Tullis appeals.

## ISSUE

Did the district court err as a matter of law in concluding that Tullis failed to serve his summons and complaint upon an agent of the corporation with implied authority to accept service on its behalf?

## ANALYSIS

On appeal from summary judgment, this court must determine whether any genuine issues of material fact exist and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). When reviewing dismissals for lack of personal jurisdiction or insufficiency of process, this court assumes the allegations in the complaint and collateral supporting evidence are true. *Hunt v. Nevada State Bank,* 285 Minn. 77, 82–83, 172 N.W.2d 292, 296–97 (1969), *cert. denied,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970).

In Minnesota, service of a summons on a domestic or foreign corporation is made by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly * * * to receive service of summons.

Minn.R.Civ.P. 4.03(c). Tullis argues that Priebe was an agent authorized impliedly by WRC to receive service on its behalf. To establish implied authority, the plaintiff must offer circumstantial evidence tending to prove that the individual accepting service had the power to exercise independent judgment and discretion in promoting the business of the corporation or that her position was of such character and rank as to make it reasonably certain that the corporation would be apprised of the service. *Duncan Elec. Co. v. Trans Data, Inc.,* 325 N.W.2d 811, 812 (Minn.1982); [1] *see Winkel v. Eden Rehab. Treatment Facility,* 433 N.W.2d 135, 138 (Minn.App.1988) ("implied authority is actual authority, circumstantially proved").

The only issue on appeal is whether Tullis's allegations, taken as true, establish that Priebe was an agent authorized impliedly to accept service. Priebe, formerly WRC's executive director, told the process server that he was WRC's executive director. WRC concedes that Priebe, as executive director, was authorized to accept service. Nevertheless, the district court determined that Tullis failed to establish that Priebe was actually authorized to make independent judgments and decisions with regard to WRC's business. The district court, however, analyzed only one of the two factors tending to establish implied authority. By identifying himself as executive director, we conclude that Priebe's position was of such character and rank as to make it reasonably certain that the corporation would be apprised of the service.

A process server cannot rely solely upon an employee's willingness to accept service of process. *Duncan,* 325 N.W.2d at 812. In *Duncan,* the plaintiff relied upon a secretary's published designation as "office man-

---

1. WRC argues that Tullis must establish both factors before Priebe could be considered an agent with implied authority to accept service. We disagree. There is no requirement that both factors be established; in fact, use of the word "or" leads us to conclude that these requirements are in the alternative.

ager," her self-designation as administrative assistant, and her willingness to accept process. *Id.* The supreme court held this reliance insufficient to establish the requisite express or implied authority. *Id.*

If we held that service was insufficient under the facts here, we would effectively create an additional requirement for service on a corporation. The process server could no longer rely upon an employee's statement that he is the executive director or, for that matter, an officer or managing director. The plaintiff would be required to establish by circumstantial evidence that this person who says he is the executive director is truly the executive director and, at the least, that the position of executive director is of such character and rank as to make it reasonably certain that the corporation would be apprised of the service. One can assume that if Tullis determined Priebe's scope of duties before attempting service, he would have attempted service upon another individual. It would be unfair, however, to dismiss this action where the process server relied on Priebe's statement that he was the executive director.

## DECISION

As a matter of law, Tullis's allegations establish that service was made upon an agent of WRC with implied authority to accept service on its behalf.

**Reversed and remanded.**