Marc TULLIS, Respondent,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, et al., Respondent,

Work Recovery Centers of Minnesota,
Inc., petitioner, Appellant,

Sara Schneider, et al., Defendants.

No. C7–96–687.

Supreme Court of Minnesota.

Oct. 30, 1997.

Rehearing Denied Dec. 10, 1997.

OPINION

BLATZ, Justice.

This appeal arises out of a medical malpractice action for damages for injuries sustained by plaintiff Marc Tullis while undergoing a physical capacity evaluation at defendant Work Recovery Centers of Minnesota, Inc. (WRC). Plaintiff argues the district court improperly granted summary judgment for WRC by finding that an occupational therapist employed by WRC did not possess authority to accept service of process on behalf of the corporation. The court of appeals agreed with plaintiff. *Tullis v. Federated Mut. Ins. Co.*, 556 N.W.2d 7 (Minn.App.1996). We reverse.

The material facts are as follows: On or about November 25, 1992, plaintiff Marc Tullis underwent a physical capacity evaluation at WRC for a work-related injury. During this evaluation, plaintiff allegedly reinjured himself when he was forced to lift as much weight as possible. As a result, plaintiff brought a medical malpractice claim against WRC. On November 21, 1994, a professional process server employed by plaintiff went to WRC's office and attempted service upon James Priebe, then employed as an occupational therapist by WRC. The decision to serve Priebe was based on a November 11, 1992 appointment confirmation letter sent to plaintiff and signed by Priebe, listing Priebe's position at WRC as both executive director and occupational therapist. In addition, when allegedly asked by the process server whether he was an executive officer, Priebe replied in the affirmative.

Both parties agree that Priebe occupied an executive director position at WRC at the time the November 11, 1992 letter was sent to plaintiff, and that as an executive director, Priebe would have been authorized to accept service on behalf of the corporation. At the time of the attempted service, however, Priebe no longer held this position. Instead, Dennis Bierle was the executive director of WRC. As of April 29, 1993, Priebe's position at WRC was classified solely as an occupational therapist. The narrow

Bradley J. Batlach, Bassford, Lockhart, Truesdell & Briggs, Minneapolis, for appellant.

Carter J. Bergen, St. Paul, Therese M. Pautz, King & Hatch, Minneapolis, for respondent.

question presented to this court is whether Priebe possessed the requisite authority to accept service on behalf of the corporation.

 Minnesota Rules of Civil Procedure mandate that service on a corporation be made on:

> an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons * * *.

Minn. R. Civ. P. 4.03(c). Service of process in a manner not authorized by the rule is ineffective service. *See Duncan Elec. Co. v. Trans Data, Inc.,* 325 N.W.2d 811 (Minn. 1982). Furthermore, actual notice of the lawsuit will not subject defendants to personal jurisdiction without substantial compliance with Rule 4.03. *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988) (citations omitted).

Plaintiff does not contend that Priebe was an agent expressly authorized or designated under statute to accept service on behalf of the corporation. Therefore, this court must first determine whether Priebe's position as an occupational therapist qualifies him as a "managing agent" for purposes of service of process. If not, this court must then determine whether Priebe was, nonetheless, cloaked with implied authority to accept service on behalf of the corporation.

### I.

 The term "managing agent" as used in Rule 4.03(c) has received a well-settled definition. This court has quoted *Hatinen v. Payne,* 150 Minn. 344, 346, 185 N.W. 386, 387 (1921), to define the parameters of a managing agent:

> [W]e think the Legislature intended thereby only those agents who possess powers similar in character and importance to those possessed by the officers expressly named; that they intended only those agents who have charge and control of the business activities of the corporation or of some branch or department thereof, and who, in respect to the matters entrusted to them, are vested with powers requiring the

exercise of an independent judgment and discretion.

*Derrick v. Drolson Co.,* 244 Minn. 144, 149, 69 N.W.2d 124, 128 (1955). The rationale behind this definition is that the individual receiving process must be one who reasonably could be expected to inform the corporation of the service. *Id.* at 150, 69 N.W.2d at 129. Thus, two significant factors have evolved in determining whether a particular individual is a managing agent for service of process: (1) does the individual have the power to exercise independent judgment and discretion to promote the business of the corporation; or (2) is the individual's position of sufficient rank or character to make it reasonably certain the corporation would be apprised of the service. *Id.* at 150–51, 69 N.W.2d at 129.[1]

Several cases provide guidance as to the type of evidence a court will consider in determining whether an individual possesses independent judgment and discretion. Evidence demonstrating that an individual managed part of the corporation's properties, collected rents on the properties, and signed and issued checks on the corporation's bank account formed the basis for this court's conclusion that the individual exercised independent judgment and discretion such that he could effectively accept service of process. *Id.,* 69 N.W.2d at 129. Similarly, this court concluded that evidence indicating an individual represented himself as managing agent, conducted negotiations for electric and heating service on behalf of the corporation, and signed communications as manager of the corporation on corporate letterhead qualified him to accept service on behalf of the corporation. *Kopio's, Inc. v. Bridgeman Creameries, Inc.,* 248 Minn. 348, 353, 79 N.W.2d 921, 925 (1956). In contrast, persons in the positions of administrative assistant, staff counselor at a halfway house, and office receptionist all have been found to lack the power to exercise independent judgment and discretion on behalf of the corporation. *See Duncan Elec.,* 325 N.W.2d at 812; *Winkel v. Eden Rehabilitation Treatment Facility,* 433 N.W.2d 135, 140 (Minn.App.1988); *Miller v.*

---

1. While both the court of appeals and the district court applied these factors in the context of implied authority, this court has historically treated the concept of implied authority separately from the concept of managing agent. *See Derrick,* 244 Minn. at 147–52, 69 N.W.2d at 128–131.

*A.N. Webber, Inc.,* 484 N.W.2d 420, 422 (Minn.App.1992), *pet. for rev. denied* (Minn., June 10, 1992).

■ In the instant case, plaintiff offers no compelling evidence that Priebe's position as occupational therapist allowed him to exercise discretion or make independent judgments on behalf of WRC. Plaintiff's only evidence is the 1992 letter signed by Priebe, listing his position as executive director and occupational therapist at WRC, and the fact that Priebe identified himself as executive director to the process server. Plaintiff argues that the letter illustrates Priebe's power to exercise independent judgment and discretion. We disagree. The letter merely confirms plaintiff's scheduled appointment. It does not show that Priebe's position conferred upon him the type of management duties and powers contemplated by Rule 4.03(c). Indeed, Priebe's position as occupational therapist is instead more analogous to that of the staff counselor in *Winkel.*

■ Nor is Priebe's occupational therapist position of such character and rank to make it reasonably certain WRC would be apprised of service of process. Plaintiff argues that Priebe's former position of executive director, combined with the fact that Priebe identified himself as executive director to the process server, makes it reasonable to assume WRC would be apprised of the service of process. The court of appeals agreed. *Tullis,* 556 N.W.2d at 9. We reject this argument. It is not sufficient for plaintiff to point to the fact Priebe once held the position of executive director. In order to limit service to persons who can reasonably be expected to apprise the corporation of service, there must be actual authority to accept service of process on behalf of the corporation at the time of service, regardless of any authority in existence before service was attempted. *See Kopio's,* 248 Minn. at 354, 79 N.W.2d at

925. While *Kopio's* specifically dealt with service of process in the event of a corporation's dissolution, the rationale behind the rule, limiting service to persons who reasonably can be expected to apprise the corporation of service, is applicable in this case.

In *Kopio's,* Karl Schulze had been employed as branch plant manager at Bridgeman Creameries before the business burned down on March 16, 1949. *Id.* at 349–50, 79 N.W.2d at 923. On February 29, 1952, the company filed a certificate of dissolution with the secretary of state. *Id.* at 349, 79 N.W.2d at 923. Subsequently, service was attempted upon Schulze on November 20, 1953. *Id.,* 79 N.W.2d at 923. This court concluded that the nature of Schulze's duties qualified him as a "managing agent" for purposes of effective service of process. However, because his position as branch plant manager was terminated before he was served, there was no actual agency relationship, and thus it would be unreasonable to expect Schulze to apprise the corporation of the pending action. *Id.* at 354, 79 N.W.2d at 925.[2] Likewise, in this case, Priebe was a former executive director of WRC. Both parties acknowledge that as executive director, Priebe would have been authorized to accept service of process. But at the time of the attempted service, Priebe, like Schulze, no longer was acting in a management capacity for WRC.[3] It is not sufficient for plaintiff simply to claim that Priebe, as an individual, possesses the rank and character such that he reasonably could be expected to apprise the corporation of the service. Instead, plaintiff must examine the position Priebe held in the corporation at the time of service and the duties and responsibilities that accompany that position. Plaintiff must show that the position of occupational therapist is of sufficient rank and character that it would be reasonable to expect an individual holding

2. The court concluded that the general rule allowing service after a corporation's dissolution upon the same officers who could have been properly served had the corporation not been dissolved "should properly be interpreted as referring to the offices or functions designated and not to the individuals holding such offices." *Kopio's,* 248 Minn. at 355, 79 N.W.2d at 926. This court rejected the argument that individuals who "because of their positions, were authorized to

receive service on behalf of the corporation at the time of dissolution, continue *as individuals* to possess such authority." *Id.,* 79 N.W.2d at 926. (emphasis in original).

3. As of April 29, 1993, in a routine performance review, Priebe was identified solely as an occupational therapist.

that position to apprise the corporation of the service of process. Plaintiff has failed to make such a showing.

## II.

■ Although no evidence has been presented tending to show Priebe was a managing agent of the corporation at the time of service, Rule 4.03(c) also allows service on "any other agent authorized * * * impliedly." Minn. R. Civ. P. 4.03(c). Implied authority is a broader concept than the more restrictive definition of managing agent, and its inclusion in Rule 4.03(c) "increas[es] the scope of persons to be served in the case of a domestic corporation." *Derrick*, 244 Minn. at 152, 69 N.W.2d at 130 (quoting Minn. R. Civ. P., Tentative Draft, 19–20). Implied authority generally will be found where the "character of the agency is such as to render it fair, reasonable, and just to imply an authority on the part of the agent to receive service." *Id.* at 153, 69 N.W.2d at 130 (quoting *Connecticut Mut. Life Ins. Co. v. Spratley*, 172 U.S. 602, 617, 19 S.Ct. 308, 314, 43 L.Ed. 569, 574 (1899)).

■ Implied authority is actual authority, circumstantially proved, and is to be construed under common law principles of agency. *Id.* at 152, 69 N.W.2d at 130. Thus, implied authority includes only such powers directly connected with and essential to carrying out the duties expressly delegated to the agent. *Id.* at 152–53, 69 N.W.2d at 130. It is crucial to distinguish actual authority from apparent authority. Apparent or ostensible authority is not actual authority; rather it is authority which the principal holds the agent out as possessing or knowingly permits the agent to assume. Actual authority is what is required under Rule 4.03(c). *Id.* at 153, 69 N.W.2d at 130.

■ Plaintiff has offered no circumstantial evidence tending to prove that WRC, as principal, granted implied authority to Priebe to accept service of process on its behalf. Plaintiff's reliance upon Priebe's statement to the process server that he was the executive director is misplaced. This misrepresentation, at most, only reaches the level of apparent authority to receive service. Implied authority is inferred from a course of dealing between the principal and the agent. *Schlick v. Berg*, 205 Minn. 465, 468, 286 N.W. 356, 358 (1939); *Derrick*, 244 Minn. at 152, 69 N.W.2d at 130. Therefore it is not enough to point to Priebe's self-identification as executive director to the process server. All authority must be traced to the principal's dealings with the agent; it cannot be inferred from the agent's dealings with third parties. *Schlick*, 205 Minn. at 468, 286 N.W. at 358; *Winkel*, 433 N.W.2d at 139 ("An actual agency relationship results from the manifestation of consent by the *principal* to the agent that the agent shall act on the principal's behalf.") (emphasis in original).

The court of appeals reasoned that finding service to be ineffective under the facts of this case would result in placing an additional requirement for service upon a corporation because a process server would no longer be able to rely upon an employee's statement that he is an executive director. *Tullis*, 556 N.W.2d at 10. A finding of insufficient process would require a plaintiff "to establish by circumstantial evidence that this person who says he is the executive director is truly the executive director and, at the least, that the position of executive director is of such character and rank as to make it reasonably certain that the corporation would be apprised of the service." *Id.* However, this court has always placed the burden of reasonableness and diligence upon any person dealing with an agent to examine whether that agent has the authority to complete the proposed act. *Truck Crane Serv. Co. v. Barr–Nelson, Inc.*, 329 N.W.2d 824, 827 (Minn.1983).

Further, the court of appeals decision expressed concern that dismissing this particular action where the process server relied on Priebe's statement that he was executive director would be unfair. *Tullis*, 556 N.W.2d at 10. While we share the court of appeals' concern for fairness, we decline to depart from case law which establishes an employee's representations to a process server are

inadequate to find authority to accept service on behalf of the corporation.[4]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). Accordingly, we hold that plaintiff's collateral evidence and allegations, even if true, do not raise a genuine issue of material fact that Priebe was a managing agent or an agent with implied authority to receive service of process on behalf of the corporation. All of plaintiff's evidence relates to issues of apparent authority. Therefore, the district court did not err as a matter of law in holding Priebe did not possess the requisite authority to accept service of process on behalf of the corporation.

We reverse the court of appeals and reinstate summary judgment for WRC.

---

4. *See Duncan Elec.* 325 N.W.2d at 812 (employee's self-designation as an administrative assistant to process server, her willingness to accept process, and her designation in a corporation publication as office manager were all insufficient to establish authority to accept process on behalf of the corporation); *see also Larson v. New Richland Care Center,* 520 N.W.2d 480, 482 (Minn.App.1994) ("An attorney may not rely on employee's claims that she is authorized to accept service; the attorney must examine the law to determine who is authorized to accept service."); *Winkel,* 433 N.W.2d at 138–39 (employee's affirmative representations to process server that she was authorized to accept service establishes apparent, not actual, authority).