Kevin T. HANNON, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–1784.

Supreme Court of Minnesota.

July 17, 2008.

Kevin Terrance Hannon, Stillwater, MN, Pro Appellant.

Lori Swanson, Attorney General, St. Paul, MN, Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, MN, for Respondent.

## OPINION

PAGE, Justice.

Appellant Kevin Hannon was found guilty and convicted of first-degree murder in 2000 in connection with the 1999 death of Deborah Tolhurst. On direct appeal, we held that the trial court's admission of statements Hannon made during police questioning after an unequivocal request for an attorney required that his conviction be reversed and that he be given a new trial. *State v. Hannon (Hannon I)*, 636

N.W.2d 796, 799, 807 (Minn.2001). At Hannon's retrial, he was again found guilty and convicted of first-degree murder. *State v. Hannon (Hannon II)*, 703 N.W.2d 498, 504 (Minn.2005). On direct appeal, we affirmed the conviction.[1]

In December 2006, Hannon filed a petition for postconviction relief alleging: (1) his indictment was insufficient because it was based on recanted testimony and subsequently suppressed statements; (2) infringement of his right to testify; (3) bias on the part of the trial judge[2]; (4) ineffective assistance of counsel; (5) prosecutorial misconduct; (6) exclusion of alternative perpetrator evidence; and (7) admission of prior testimony of an unavailable witness.

The postconviction court held a hearing limited to Hannon's claim that he was denied the right to testify at his second trial. After the hearing, the court concluded that all the claims raised in Hannon's petition were either meritless or procedurally barred and denied the petition. In addition to appealing the denial of each of the claims raised in his petition, Hannon also asks that we grant him postconviction relief based on a new allegation that his trial counsel did not consult him before rejecting a plea offer made by the State during his second trial. We affirm.[3]

When reviewing postconviction proceedings, we "'extend a broad review'" of legal and factual questions. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003) (quoting *State ex rel. Pittman v. Tahash*, 284 Minn. 365, 368, 170 N.W.2d 445, 447

1. The facts surrounding the murder are detailed in our opinions reversing Hannon's conviction after his first trial, *Hannon I*, 636 N.W.2d at 799–803, and affirming Hannon's conviction after his second trial, *Hannon II*, 703 N.W.2d at 502–04.

2. We note that a judge different from the judge who presided at Hannon's trial presided over the postconviction proceedings.

3. Because Hannon did not raise the plea bargain issue in his postconviction petition, that issue has been forfeited, and we decline to consider it here. *See Schleicher v. State*, 718 N.W.2d 440, 445 (Minn.2006); *Azure v. State*, 700 N.W.2d 443, 447 (Minn.2005).

(1969)). We review legal issues de novo, but our review of factual matters is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Id.* A petitioner has the burden of establishing by a preponderance of the evidence facts that would warrant relief. *Ferguson v. State,* 645 N.W.2d 437, 442 (Minn.2002).

■ "Once a direct appeal has been taken, all claims raised in that appeal, all claims known at the time of that appeal, and all claims that should have been known at the time of that appeal will not be considered in a subsequent petition for postconviction relief." *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007) (citing *Black v. State,* 560 N.W.2d 83, 85 (Minn.1997), and *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). There are two exceptions to this rule: "(1) if a novel legal issue is presented, or (2) if the interests of justice require review." *White v. State,* 711 N.W.2d 106, 109 (Minn.2006).

■ All of Hannon's claims, except the ineffective assistance of counsel claim, are procedurally barred under *Knaffla.* First, Hannon contends that he is entitled to postconviction relief because his indictment was based on recanted testimony and suppressed custodial statements. Hannon argues that Kenneth Paul Herbert, who was in jail with Hannon, testified falsely against Hannon before the grand jury. In support of his argument, Hannon attaches an affidavit from Herbert, dated April 25, 2001, in which Herbert states he was "coerced and manipulated" and "threatened with jail time" if he did not provide false statements. Hannon also contends that the statements he made to the police that we subsequently suppressed were used to obtain the indictment against him.

On the record presented, we conclude that Hannon knew of the claim that his indictment was based on recanted testimony at the time of both his second trial and direct appeal. The Herbert affidavit on which Hannon relies is dated April 25, 2001, which was nearly 8 months before we reversed Hannon's first conviction, and he moved to admit the affidavit at his second trial. However, he did not raise the issue of Herbert's recantation in his subsequent direct appeal. Moreover, Hannon clearly knew at the time of his retrial that we had suppressed his custodial statements but failed to raise any issue regarding the effect the suppressed statements had on his indictment in his subsequent direct appeal. The claim therefore is procedurally barred by *Knaffla.*

■ Hannon also argues that the grand jury was not impartial because of publicity surrounding his case and because the prosecutor obtained perjured testimony from jailhouse informants whose benefits for testifying were not disclosed to the grand jury. Hannon raised this issue during his second trial but did not raise it in his direct appeal. Therefore, the claim is *Knaffla*-barred.

■ Hannon next argues that he was deprived of his constitutional right to testify when his trial counsel told him "you can't testify," which Hannon allegedly understood to mean that the judge had ruled that Hannon was not allowed to testify. Obviously, Hannon knew or should have known of any issues related to his claimed denial of the right to testify during his second trial. He did not, however, raise any such issues on direct appeal. Therefore, the claim is procedurally barred by *Knaffla.*

■ Hannon next argues that the judge who presided at his trial was biased against him because she allegedly had a social relationship with the victim's friend and that he therefore is entitled to a hearing to determine the existence of any judicial bias. In July 2003, Hannon sued the

judge in federal court for a civil rights violation based in part on the alleged judicial bias. Also in July 2003, Hannon unsuccessfully moved in state court to remove the judge from his trial based in part on this same claim of bias. In denying the motion, the district court found Hannon's claims meritless. Again, as with the previous claims, Hannon did not raise this judicial-bias claim on direct appeal after his conviction. The claim is therefore *Knaffla*-barred.

 Hannon's claim of ineffective assistance of counsel is based on his trial counsel's failure to object to the alleged judicial bias. As the lower court found when it denied Hannon's motion to remove the trial judge, this claim lacks merit. The United States Supreme Court has held that a criminal defendant has a constitutional right to a fair and impartial judge. *See Cuypers v. State*, 711 N.W.2d 100, 104 (Minn.2006) (citing *Bracy v. Gramley*, 520 U.S. 899, 904–05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997)). In reviewing claims of judicial bias, we have considered whether the trial judge considered arguments and motions made by both sides, ruled in favor of a complaining defendant on any issue, and took actions to minimize prejudice to the defendant. *See id.; State v. Mems*, 708 N.W.2d 526, 533 (Minn.2006). Also, we presume that a judge has discharged her duties properly. *Mems*, 708 N.W.2d at 533. Previous adverse rulings by themselves do not demonstrate judicial bias. *Id.* Rather, the bias must be proved in light of the record as a whole. *State v. Morgan*, 296 N.W.2d 397, 404 (Minn.1980). Although Hannon alleges that the trial judge had a personal relationship with one of the witnesses at the first trial, the judge stated on the record that the witness and her husband used to rent property from the trial judge in the mid–90s. The judge also stated that she personally did not know or have contact with the witness. Furthermore, a review of the record dis-

closes multiple rulings in Hannon's favor. Notably, the judge granted Hannon's motion to suppress DNA evidence, a ruling which was overturned by the court of appeals. *State v. Hannon*, No. C8–02–904, 2003 WL 21500311, at *1 (Minn.App. July 1, 2003). The judge also granted Hannon's requests to preclude attorneys and witnesses from referring to his suppressed statements, to preclude testimony about tainted evidence, to preclude any reference to a harassment restraining order obtained against Hannon, and to preclude opinion testimony that a certain shirt was owned by Hannon or worn on the date of the murder. Hannon's assertions of personal prejudice are not supported by the record, and he fails to overcome the presumption that the judge has discharged her duties properly.

Because Hannon's claim of judicial bias is meritless, his claim of ineffective assistance of counsel based on counsel's failure to raise the claim necessarily fails. *See State v. Doppler*, 590 N.W.2d 627, 633 (Minn.1999) ("[A] defendant must show by a preponderance of the evidence that his counsel's performance was deficient, i.e., that his counsel's performance 'fell below an objective standard of reasonableness.' " (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))).

 Hannon next asserts that he is entitled to postconviction relief because of prosecutorial misconduct. The alleged misconduct includes vindictive prosecution, seeking excessive restitution, using tainted and false expert witness testimony, and withholding evidence relevant to his defense of diminished capacity. Our review of the record leads us to conclude that these claims were either known or should have been known to Hannon at the time of his direct appeal but were not raised. Therefore, Hannon's prosecutorial miscon-

duct claims are procedurally barred by *Knaffla*.

 Hannon next claims that the trial court violated his constitutional right to due process by excluding certain alternative-perpetrator evidence at trial. Again, it is obvious that Hannon knew at the time of his direct appeal that the evidence at issue was excluded at trial, but he failed to raise the issue as part of that direct appeal. Therefore, the claim is barred under *Knaffla*.

Finally, Hannon argues that the trial court erred in allowing the transcript of a deceased former witness's testimony to be read into the record. Because this issue was raised unsuccessfully on direct appeal, *Hannon II*, 703 N.W.2d at 506–07, it is procedurally barred by *Knaffla*.

Because Hannon has failed to show that he is entitled to postconviction relief on any of his claims, we affirm his conviction.

Affirmed.[4]

MAGNUSON, C.J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

4. We note that neither exception to the *Knaffla* rule applies to any of Hannon's procedurally barred claims. None of the issues involve legal issues so novel that they were unavailable at the time of direct appeal, and our review of the record satisfies us that the interests of justice do not require review. *See White*, 711 N.W.2d at 109.