*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0175**

Katherine JoAnn Lange,
Appellant,

Thomas James Putman,
Appellant,

vs.

State Farm Insurance,
Respondent

**Filed September 8, 2014
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-CV-13-10836

Katherine JoAnn Lange, Minneapolis, Minnesota (pro se appellant)

Thomas Putman, Minneapolis, Minnesota (pro se appellant)

Scott G. Williams, C. Todd Koebele, Murnane Brandt, St. Paul, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Harten,

Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellants challenge the dismissal of their action against respondent-insurer and denial of their motion for default judgment, arguing that the district court erred in ruling that their service of process on respondent was insufficient. We affirm.

## DECISION

Appellants Katherine JoAnn Lange and Thomas James Putman attempted to initiate a lawsuit against respondent State Farm Insurance by having a process server personally serve a summons and complaint on respondent in Nebraska. After appellants filed their complaint in Hennepin County, respondent moved for summary judgment, claiming that appellants failed to properly serve respondent, and appellants moved for a default judgment challenging respondent's answer. The district court dismissed the matter after concluding that service of process on respondent was insufficient and that therefore, the court lacked jurisdiction.

To be effective, service of process "must accord strictly with statutory requirements." *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999) (quotation omitted), *review denied* (Minn. July 28, 1999). Service of process in a manner not specifically authorized is ineffective service. *Id.* A challenge to service of process poses a jurisdictional question, which we review de novo. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). We apply the facts that the district court found unless they are clearly erroneous. *Id.* The district court has personal jurisdiction over civil defendants only if the summons is properly served. *Id*.

Appellants argue that Nebraska law should apply because "[s]uit was filed in Nebraska, because according to the law; the Summons and Complaint had to be filed in the State where [the] Policy/Contract was issued." But appellants did not file their lawsuit in Nebraska; they filed in Minnesota. Service of process is determined by the law of the forum state. *Bloom v. Am. Express Co.*, 222 Minn. 249, 257, 23 N.W.2d 570, 575 (1946). In Minnesota, where appellants filed their complaint, service is made on a corporation "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c).

Here, a professional process server in Nebraska personally handed the documents to Margaret Minary, respondent's employee who worked in the human-resources department at respondent's Lincoln, Nebraska office. Appellants argue that Minary was the correct person to serve because she was the head of human resources, making her an appointed representative to receive service.

The individual receiving process must be one who reasonably could be expected to inform the corporation of the service. *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997). An individual is an agent for service of process when he or she has the "power to exercise independent judgment and discretion to promote the business of the corporation"; or his or her position is "of sufficient rank or character to make it reasonably certain the corporation would be apprised of the service." *Id.*

There is no evidence that Minary, a human-resources employee, fit into either of these categories. Nor have appellants provided any evidence that Minary was granted

3

implied authority to accept service of process on respondent's behalf. *See id.* at 313 (stating that implied authority to act as an agent generally exists when the "character of the agency is such as to render it fair, reasonable, and just to imply an authority on the part of the agent to receive service").

Because service of process was not properly perfected, the district court lacked jurisdiction and dismissal was appropriate. *Leek v. Am. Express Prop. Cas.*, 591 N.W.2d 507, 509 (Minn. App. 1999), *review denied* (Minn. Apr. 6, 1999). Because the district court lacked jurisdiction, it was not required to address appellants' motion for default judgment.

**Affirmed.**