*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1827**

Walter Smith,
Appellant,

vs.

Eric A. Johnson, et al.,
Respondents,

Steven Scott Properties Management,
Respondent.

**Filed December 1, 2025**
**Affirmed**
**Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-CV-23-2742

Walter Smith, St. Paul, Minnesota (self-represented appellant)

Laurel J. Pugh, Abriter PLLC, St. Louis Park, Minnesota (for respondents Eric A. Johnson and Aeon Properties)

Douglass Turner, Hanbery & Turner, P.A., Minneapolis, Minnesota (for respondent Steven Scott Properties Management)

Considered and decided by Ede, Presiding Judge; Smith, Tracy M., Judge; and Cochran, Judge.

**SMITH, TRACY M.**, Judge

Appellant Walter Smith challenges the district court's dismissal pursuant to Rules 12.02 and 12.03 of the Minnesota Rules of Civil Procedure of his claims for the recovery of his security deposit, rental assistance, and associated mental-anguish damages from respondents Eric A. Johnson, Aeon Properties, and Steven Scott Properties Management. Smith also argues that the district court judge erred by not disqualifying himself due to bias. We affirm.

## FACTS[1]

Smith renewed his lease in November 2021 for a St. Paul apartment in a building called Larpenteur Villa. On February 11, 2022, Smith was approved for public rental assistance. Later, a fire damaged the apartment building, rendering it uninhabitable. Smith asserted that the apartment that the landlord offered as substitute was also uninhabitable, and he subsequently became homeless. Smith attempted to sue his landlord and the apartment's property manager. Smith represented himself in the district court and continues to do so in this appeal.

The summons and complaint named as defendants Aeon Properties, Eric A. Johnson (Aeon's CEO), and Steven Scott Properties Management. Aeon apparently owns

---

[1] On review of the dismissal of claims pursuant to rule 12.02 or rule 12.03, appellate courts must assume that the allegations in the complaint are true. *See Halva v. Minn. Colls. & Univs.*, 953 N.W.2d 496, 500 (Minn. 2021) (rule 12.02); *Burt v. Rackner*, 902 N.W.2d 448, 451 (Minn. 2017) (rule 12.03). When facts are found related to the effectiveness of service, appellate courts apply those factual findings unless clearly erroneous. *Shamrock Dev., Inc., v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008).

Larpenteur Villa LLC.[2] Steven Scott Management manages Larpenteur Villa. The lease signed by Smith indicates that Larpenteur Villa LLC is the owner of the apartment building. The summons and complaint did not name Larpenteur Villa LLC as a defendant. Smith attempted to utilize the Ramsey County Sheriff's office to serve the summons but was told that the sheriff's office did not have jurisdiction to do so. Smith subsequently personally delivered the summons and complaint himself to the front desk staff of least one of respondents' offices. Smith signed the affidavits of service.

Johnson and Aeon Properties filed a motion for judgment on the pleadings or in the alternative, summary judgment, arguing that (1) the district court lacked jurisdiction due to ineffective service of process, (2) the complaint failed to state a legally viable claim against Johnson in his individual capacity, (3) the complaint failed to state a claim against them because "Aeon Properties" does not exist, and (4) in the alternative, any claim against Aeon should be limited to failure to return Smith's security deposit. Steven Scott Properties Management filed a motion to dismiss, arguing that (1) the district court lacked jurisdiction over Scott due to lack of proper service and (2) Smith failed to state a claim because Steven Scott Properties Management is not a proper defendant.

On December 19, 2023, the case was reassigned to a new district court judge and the parties were notified. On June 13, 2024, prior to any hearings, Smith filed a motion to remove the district court judge, alleging bias and prejudice due to the district court's determination that the hearing on the motions would be held over Zoom despite Smith's

---

[2] Although there is nothing in the record regarding ownership of Larpenteur Villa LLC, neither party disputes the district court's statement that Aeon owns Larpenteur Villa LLC.

assertion that he has challenges using technology due to mental disabilities. The district court denied Smith's request for removal, stating that the request for removal was not timely filed and that Smith's concerns about using the remote-hearing technology could be ameliorated by assistance available at the courthouse. The Zoom hearing went forward, with Smith's participation, and the district court granted respondents' motions due to lack of personal jurisdiction over respondents.

This appeal follows.

**DECISION**

**I.     The district court properly granted respondents' motions to dismiss due to lack of personal jurisdiction.**

Smith argues that the district court erred by concluding that it lacked jurisdiction over the case because Smith did not effectively serve respondents with process.

Whether service of process was effective and thus whether the district court has personal jurisdiction over a defendant is a question of law that appellate courts review de novo. *Shamrock Dev., Inc.*, 754 N.W.2d at 382. If the district court finds facts, an appellate court must apply those factual findings unless they are clearly erroneous. *Id.* Appellate courts also review the construction and application of the Minnesota Rules of Civil Procedure de novo. *Id.*

A district court obtains personal jurisdiction over a party via effective service of process. *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 590 (Minn. 2016). "Absent proper service of process or a waiver thereof, the district court must dismiss the action." *Koski v. Johnson*, 837 N.W.2d 739, 742 (Minn. App. 2013) (quotation

4

omitted), *rev. denied* (Minn. Dec. 17, 2013). Minnesota Rule of Civil Procedure 4.02 strictly requires that a nonparty serve the summons: "Unless otherwise ordered by the court, the sheriff or any other person not less than 18 years of age and *not a party to the action*, may make service of a summons or other process." (Emphasis added.) "Service of process in a manner not authorized by the rule is ineffective service." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997). A motion to dismiss may be made based on lack of personal jurisdiction due to insufficient service of process. Minn. R. Civ. P. 12.02(b), (d).

The parties agree, and the district court found, that Smith himself attempted to serve the respondents by physically going to at least one of the respondent's offices and handing front desk staff the summons. As the plaintiff, Smith was a party to the action, and the rule therefore barred service by him. Smith did not submit evidence of any other service of process that was proper.

Smith argues, though, that he should be granted an exception to the nonparty rule because he was self-represented and had limited options for service and because the respondents had notice of the suit. The arguments are unpersuasive.

First, courts generally hold self-represented litigants to the "same rules and standards as attorneys." *Bedner v. Bedner*, 946 N.W.2d 921, 927 (Minn. App. 2020). Although some accommodations may be made for self-represented parties, modification of procedural rules is not one of those accommodations. *Ronay v. Ronay*, 369 N.W.2d 12, 14 (Minn. App. 1985); *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). Smith suggests that an exception should apply because the Ramsey County Sheriff's Office

5

lacked jurisdiction to serve respondents and he had limited options for alternative modes of service. But that argument, too, is unavailing. Minnesota courts cannot retroactively validate improper service of process. *Lewis v. Contracting Nw., Inc.*, 413 N.W.2d 154, 157 (Minn. App. 1987). "While the results are harsh, there is no exception to the nonparty rule without authorization by the Minnesota Rules of Civil Procedure." *Id.*

Second, notice of a lawsuit does not cure ineffective service of process. *Tullis*, 570 N.W.2d at 311. "[W]hen service of process is challenged, the plaintiff must submit evidence of effective service." *DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 271 (Minn. 2016). Once the plaintiff does so, the defendant has the burden of showing that the service was improper. *Id.* Smith did not submit evidence of effective service. Again, Minnesota courts cannot retroactively validate improper service of process or grant an exception to the nonparty rule that is not in the rules of procedure. *Lewis*, 413 N.W.2d at 157.

Because service was ineffective, the district court did not obtain personal jurisdiction over respondents and was required to dismiss the action. *See Koski*, 837 N.W.2d at 742. Because lack of personal jurisdiction is dispositive, we need not address the alternative grounds for dismissal argued by respondents, including that Smith failed to state a claim on which relief can be granted.[3]

---

[3] We note that, in its order, the district court pointed out that Smith may have had a colorable claim against Larpenteur Villa LLC for the return of his security deposit under Minnesota Statutes section 504B.178, subdivisions 3(a) and 4 (2024). To have validly pursued this claim, however, Smith would have had to initiate a suit against Larpenteur Villa LLC and properly serve process via a nonparty. Because he did not do so in this case, we do not reach the merits of any potential security-deposit claim that Smith may have had.

**II.     The district court judge did not err by not disqualifying himself from the case.**

Smith argues the district court judge should have removed himself from the case due to judicial bias. Minnesota Rule of Civil Procedure 63.02 provides that "[n]o judge shall sit in any case if disqualified under the Code of Judicial Conduct." A judge must disqualify themself if "the judge's impartiality might reasonably be questioned." Minn. Code Jud. Conduct Rule 2.11(A). "The mere fact that a party declares a judge partial does not in itself generate a reasonable question as to the judge's impartiality." *State v. Burrell*, 743 N.W.2d 596, 601-02 (Minn. 2008). And "[p]revious adverse rulings by themselves do not demonstrate judicial bias." *Hannon v. State*, 752 N.W.2d 518, 522 (Minn. 2008). Judicial bias "must be proved in light of the record as a whole." *Id.* Appellate courts presume that a district court judge properly discharged their duties. *Id.* "Whether a judge is disqualified from presiding over a case is a question of law, which we review de novo." *In re Jacobs*, 802 N.W.2d 748, 750 (Minn. 2011).

Smith makes several arguments related to the district court judge's alleged bias, which we address in turn.[4] First, Smith argues that the judge was biased because the district court did not consider the exhibits and evidence that he submitted before the hearing on respondents' motions. Our review reveals that the district court considered the parts of the record relevant to respondents' motions. The district court's decision to limit the scope of

---

[4] Smith does not reassert on appeal the argument raised in his initial motion to remove the district court judge—namely, that the judge was biased because the judge held the motions hearing over Zoom despite Smith's request for an in-person hearing due to his challenges using technology.

the hearing is merely an adverse ruling, and an adverse ruling on its own does not demonstrate judicial bias. *Hannon*, 752 N.W.2d at 522.

Second, Smith argues that the judge inappropriately failed to consider his motion to compel discovery prior to the hearing on the motions to dismiss. Smith's motion to compel discovery was denied due to an insufficient filing fee, and its denial thus does not support a claim of bias.

Third, Smith argues that the judge was biased and vindictive, prejudged his claim, and acted on respondents' behalf during the motions hearing. He further argues that the judge "made a self-serving decision not to be removed." Based on our review of the record, the judge's questioning of Smith at the hearing was limited to clarifying testimony. Judges may examine witnesses "to clarify the testimony." *Teachout v. Wilson*, 376 N.W.2d 460, 465 (Minn. App. 1985) (citing Minn. R. Evid. 614), *rev. denied* (Minn. Dec. 30, 1985). There is nothing in the record to suggest the judge was prejudiced, biased, or vindictive in his questioning of Smith. Moreover, there is nothing in the record to suggest that the judge had a connection to any of the parties or otherwise acted on the respondents' behalf or out of his own self-interest.

In sum, there is no evidence that reasonably raises a question as to the district court judge's impartiality for any of the reasons raised by Smith. We conclude that the district court judge did not err by not disqualifying himself from the case due to bias.

**Affirmed.**

8